**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MARCOS GONZALEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>INTELLIA THERAPEUTICS, INC., JOHN LEONARD, and LAURA SEPP-LORENZINO,<br><br>Defendants. | Case No. 1:25-cv-10353<br><br>**CLASS ACTION** |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MICHAEL DINIEGA FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ................................................................................................ 1

II. SUMMARY OF THE ALLEGATIONS.................................................................................. 2

III. ARGUMENT ........................................................................................................................ 3

   A. Movant is the "Most Adequate Plaintiff" and Should be Appointed to Serve as Lead

   Plaintiff.................................................................................................................................... 3

      1. Movant Has Met the Procedural Requirements of the PSLRA....................................... 4

      2. Movant Has the Largest Financial Interest ...................................................................... 4

      3. Movant Satisfies the Requirements of Rule 23 ................................................................ 5

   B. The Court Should Approve Movant's Choice of Counsel...................................................... 7

IV. CONCLUSION...................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Carr v. Analogic Corp.,*
No. 18-CV-11301-ADB, 2018 WL 4932858 (D.R.I. Dec. 4, 2009) ......................... 4, 5, 6

*City of Roseville Emps.' Ret. Sys. v. Textron Inc.,*
No. CIV.A. 09-00367-ML, 2009 WL 4545161 (D. Mass. Dec. 27, 2006 ......................... 7

*Hackel v. AVEO Pharms.,* Inc.,
No. 19-CV-10783-ADB, 2019 WL 1992556 (D. Mass. May 6, 2019) ......................... 5, 6

*In re Lernout & Hauspie Sec. Litig.,*
138 F. Supp. 2d 39 (D. Mass. 2001) .................................................................. 6

**Statutes**

15 U.S.C. § 78u-4(a)(3) ................................................................................. 1

15 U.S.C. § 78u-4(a)(3)(A)(i) ....................................................................... 3, 4

15 U.S.C. § 78u-4(a)(3)(B) ............................................................................ 3

15 U.S.C. § 78u-4(a)(3)(B)(i) ........................................................................ 3

15 U.S.C. § 78u-4(a)(3)(B)(iii); .................................................................... 4, 5

15 U.S.C. § 78u- 4(a)(3)(B)(iii)(I) ................................................................... 1

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). .............................................................. 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). .................................................................. 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) .............................................................. 7

15 U.S.C. § 78u-4(a)(3)(B)(v). ....................................................................... 7

Pub. L. 104-67, 109 Stat. 737 ........................................................................ 1

**Rules**

Fed. R. Civ. P. 23 .............................................................................. passim

Michael Diniega (hereinafter, "Movant") respectfully submits this Memorandum Of Law in support of his motion pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3) (hereinafter, the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995, Pub. L. 104-67, 109 Stat. 737 (hereinafter, the "PSLRA"), for an order: (1) appointing Michael Diniega to serve as Lead Plaintiff in this lawsuit against Intellia Therapeutics, Inc. (hereinafter, "Intellia" or the "Company"), John Leonard, and Laura Sepp-Lorenzino (collectively, "Defendants"); (2) approving his selection of The Schall Law Firm (hereinafter, "SLF") as Lead Counsel for the Class and Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Liaison Counsel; and (3) granting such other and further relief as the Court may deem just and proper.

## I.    PRELIMINARY STATEMENT

Presently pending before the Court is the above-captioned federal securities class action (hereinafter, the "Action"), brought on behalf of persons or entities who purchased or otherwise acquired Intellia securities between July 30, 2024 and January 8, 2025 (hereinafter, the "Class Period"). The Action asserts claims under Sections 10(b) and 20(a) of the Exchange Act against the Defendants.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant who possesses the largest financial interest in the outcome of the action and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). Fed. R. Civ. P. 23; *See* 15 U.S.C. § 78u- 4(a)(3)(B)(iii)(I). Movant believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff in this Action. As set forth in more detail below, Movant has a significant financial interest in the relief sought in this Action, having purchased 11.164 shares of Intellia common stock during the Class Period, for total expenditures

1

of $259,184.50, and sustained losses of approximately $40,000 under a last in, first out ("LIFO") analysis from his investments in Intellia securities during the Class Period.[1]

Moreover, in addition to asserting the largest financial interest in this litigation, Movant readily satisfies the relevant requirements of Rule 23 because his claims are typical of all other members of the Class, and he will fairly and adequately represent the Class. Movant, a resident of Honolulu, Hawaii, is a seasoned retail investor with over 10 years of experience in managing his own investment portfolio. Declaration of Raffi Melanson in Support of the Motion of Michael Diniega for Appointment as Lead Plaintiff and Approval of His Selection of Counsel, Ex. B (hereinafter, the "Melanson Decl."). In addition, Movant has further demonstrated his adequacy by selecting and retaining The Schall Firm, a law firm with significant experience in prosecuting securities fraud class actions such as this, to serve as Lead Counsel for the Class.  Additionally, Movant and his counsel have selected Hagens Berman to serve as Liaison Counsel to Movant and the Class.

Accordingly, Movant respectfully requests that the Court appoint him to serve as Lead Plaintiff and approve his selections of SLF as Lead Counsel and Hagens Berman as Liaison Counsel.

## II.    SUMMARY OF THE ALLEGATIONS[2]

Defendant Intellia describes itself as a therapeutic development company headquartered in Cambridge, Massachusetts, and a "leading clinical-stage gene editing company" that is "focused on developing curative therapeutics using CRISPR/Cas9-based technologies." ¶¶ 11, 18.[3] The

---

[1] *See* Melanson Decl. (*infra*), filed concurrently herewith, at Exhibits B, C.

[2] All references to the "Complaint" are to the Class Action Complaint for Violations of the Federal Securities Laws, filed on February 11, 2025 (ECF No. 1), which is cited herein as "¶_."

[3] All "¶" and "¶¶" citations are to the Complaint For Violation Of The Federal Securities Laws (ECF No. 1)

Company's common stock trades on the NASDAQ Exchange under the ticker symbol "NTLA."

The Complaint alleges that, during the Class Period, Defendants misled investors and thereby artificially inflated the price of Intellia's securities by publicly issuing false and/or misleading statements and/or omitting to disclose material facts concerning Intellia's products and services necessary to make Defendants' statements not misleading. Specifically, the Complaint alleges that Defendants "created the false impression that they possessed reliable information pertaining to the viability of their NTLA-3001 drug program's development and eventual marketing," and concealing, among other things, that the Company was in fact "not equipped to dose patients with NTLA-3001, maintain the drug's research and development, or even to maintain its full staff in light of the existing scientific landscape surrounding viral-based [gene] editing drugs." ¶ 25.

The Complaint further alleges that the truth about Defendants' misleading statements and/or omissions was revealed to the market through a series of partial corrective disclosures which caused the Company's stock price to fall. As the truth was revealed, the Company's stock price fell and damaged Intellia's investors; Intellia's stock price eventually closed at $10.20 per share on January 10, 2025, the first trading day following the final day of the Class Period (as markets were closed on January 9, 2025 in observance of the passing of former President Jimmy Carter). ¶ 4.

## III.    ARGUMENT

### A.  Movant is the "Most Adequate Plaintiff" and Should be Appointed to Serve as Lead Plaintiff

The PSLRA sets forth a procedure for the appointment of a lead plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). First, within twenty days of filing a

class action, the filing plaintiff must publish a notice advising putative class members of the pendency of the action, the claims asserted, the purported class period, and their right to move the court for appointment as lead plaintiff of the purported class within sixty days after publication of the notice. 15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, the PSLRA directs courts to consider all motions to serve as lead plaintiff filed by putative class members in response to the published notice. 15 U.S.C. § 78u-4(a)(3)(B)(i). The Court shall appoint the presumptively most adequate plaintiff to serve as lead plaintiff; a rebuttable presumption exists that the "most adequate plaintiff" is the movant who "has the largest financial interest in the relief sought by the class," while also satisfying the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Carr v. Analogic Corp.,* No. 18-CV-11301-ADB, 2018 WL 4932858, at *2 (D. Mass. Oct. 10, 2018). This presumption may be rebutted only upon "proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Carr v. Analogic Corp.*, 2018 WL 4932858, at *2. As set forth herein, Movant satisfies the foregoing criteria and is thus entitled to the presumption that he is the "most adequate plaintiff" to represent the Class and should therefore be appointed Lead Plaintiff in this Action.

### 1.  Movant Has Met the Procedural Requirements of the PSLRA

On February 11, 2025, counsel in this Action published a notice using Globe Newswire (the "Notice") pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(A)(i), announcing that a securities class action had been filed against Defendants and advising investors in Intellia securities that they had 60 days (until April 13, 2025) to move for appointment as Lead Plaintiff. *See* Melanson Decl. Ex. D.

Movant has timely filed the instant motion within the 60-day deadline pursuant to the Notice and has attached a Certification attesting that he is willing to serve as a class representative for the Class and provide testimony at depositions and trial, if necessary. *See* Melanson Decl. Ex. A. Accordingly, Movant has satisfied the first procedural requirement to serve as Lead Plaintiff for the Class.

### 2. Movant Has the Largest Financial Interest

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Although the PSLRA does not define the term "largest financial interest," most courts appoint "whichever potential lead plaintiff has suffered the largest total loss." *Hackel v. AVEO Pharms.,* Inc., No. 19-CV-10783-ADB, 2019 WL 1992556, at *1 (D. Mass. May 6, 2019).

During the Class Period, Movant (i) purchased 11,164 shares of Intellia common stock, (ii) expended net funds of $259,184.50 in connection with those purchases, and (iii) sustained losses of approximately $40,000 under a last in, first out ("LIFO") analysis from his investments in Intellia securities during the Class Period. *See* Melanson Decl. Ex. C. Movant is not aware of any other investor who intends to file a motion for appointment as Lead Plaintiff in this action that has suffered larger losses. Accordingly, Movant believes that he has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is therefore entitled to the presumption of being the "most adequate plaintiff."

### 3. Movant Satisfies the Requirements of Rule 23

The PSLRA requires that the movant with the largest financial interest must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-

4(a)(3)(B)(iii)(I)(cc). At this stage, the lead plaintiff "need only make a prima facie showing of typicality and adequacy" and the Court's findings on these requirements need only be "preliminary." *Carr v. Analogic Corp.*, 2018 WL 4932858, at *3 (internal citations omitted).

### a. Movant's Claims are Typical of the Class

The "burden in proving typicality requires that Michael Diniega's claims arise from the 'same events or course of conduct' and involve the same legal theory as do the claims of the rest of the class." *AVEO Pharms.*, 2019 WL 1992556, at *2 (quoting *In re Lernout & Hauspie Sec. Litig.,* 138 F. Supp. 2d 39, 46 (D. Mass. 2001)). Movant's claims are typical of those of other Class members because, like all other Class members, he: (1) purchased Intellia common stock during the Class Period; (2) at artificially inflated prices caused by Defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when the truth of Defendants' misconduct was revealed. *See Hackel v. AVEO Pharms., Inc..*, 2019 WL 1992556, at *2 (finding typicality requirement satisfied where there was no dispute that plaintiff's claims were based on same legal theories and arose from same events and course of conduct giving rise to claims of other Class members). Accordingly, since Movant's claims arise out of the same set operative facts and are based on the same legal theories as those of other Class members, the typicality requirement is satisfied.

### b. Movant Will Fairly and Adequately Represent the Interests of the Class

The adequacy requirement is met if the Lead Plaintiff will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To meet the adequacy requirement, a Lead Plaintiff "must demonstrate that they have common interests and an absence of conflict with the class members and that the plaintiffs' attorneys are qualified, experienced and vigorously able to

conduct the litigation." *Carr v. Analogic Corp.*, 2018 WL 4932858, at *2 (quoting *Lernout*, 138 F. Supp. 2d at 46). Movant's interests are perfectly aligned with the other members of the Class and are not antagonistic in any way. Indeed, Movant has the same interest as all members of the Class: to maximize the recovery from the Defendants. Movant has submitted a Certification declaring his commitment to protect the interests of the Class. *See* Melanson Decl. Ex. A. There are no facts that indicate any conflicts of interest between Movant and the other Class members. Further, because of Movant's substantial financial stake in the litigation, Class members can be assured that he has the incentive to vigorously represent their interests.

Additionally, Movant has demonstrated his adequacy through his selection of SLF as Lead Counsel for the proposed class. As discussed more fully below, SLF is highly qualified and experienced in securities class action litigation and has repeatedly demonstrated its ability to prosecute complex class action litigation effectively and in a professional manner. Therefore, Movant meets the Rule 23 adequacy requirement.

Taken together, Movant meets the typicality and adequacy requirements of Rule 23 and should be appointed Lead Plaintiff.

## B. The Court Should Approve Movant's Choice of Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). Consistent with Congressional intent, a court should not disturb the Lead Plaintiff's choice of counsel, unless it is necessary to "protect the interests of the plaintiff class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see City of Roseville Emps.' Ret. Sys. v. Textron Inc.,* No. CIV.A. 09-00367-ML, 2009 WL 4545161, at *4 (D.R.I. Dec. 4, 2009) (explaining courts' deference to lead plaintiff's selection of counsel).

Movant has selected SLF to serve as Lead Counsel for the proposed Class, and Hagens

Berman as Liaison Counsel. The Schall Law Firm has previously been appointed co-lead counsel numerous times and has recovered hundreds of millions of dollars for shareholders harmed by securities fraud and corporate malfeasance. *See, e.g., Bergman v. Caribou Biosciences, Inc.,* No. 23-cv-01742, ECF No. 99 (N.D. Cal). *See,* The Schall Law Firm Résumé, Melanson Decl., Ex. E. Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

Based upon Schall Firm's experience and track record as counsel in securities class actions, Movant's selection of lead counsel is reasonable and should be approved.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court: (1) appoint Movant as Lead Plaintiff pursuant to the PSLRA; (2) approve Movant's selection of SLF to serve as Lead Counsel for the putative/proposed Class; and (3) grant such other and further relief as the Court may deem just and proper.

DATED: April 14, 2025

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By */s/ Raffi Melanson*
     RAFFI MELANSON
Raffi Melanson (BBO# 688650)
1 Faneuil Hall Sq., 5th Floor
Boston, MA 02109
Telephone: (617) 482-3700
Facsimile:  (617) 482-3003
raffim@hbsslaw.com

*Liaison Counsel for [Proposed] Lead Plaintiff Michael Diniega*

Brian J. Schall, *pro hac vice* forthcoming
Andrew J. Brown, *pro hac vice* forthcoming
THE SCHALL LAW FIRM
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Facsimile:  (310) 388-0192
brian@schallfirm.com
andrew@schallfirm.com

*Counsel for [Proposed] Lead Plaintiff Michael Diniega*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

                                                            */s/ Raffi Melanson*
                                                            RAFFI MELANSON

10