**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MARCOS GONZALEZ, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> INTELLIA THERAPEUTICS, INC., JOHN LEONARD, and LAURA SEPPLORENZINO, <br><br> Defendants. | Case No.: 1:25-cv-10353-DJC <br><br> <u>CLASS ACTION</u> |

**JOHN D. ALBAUGH'S MEMORANDUM OF LAW IN FURTHER**
**SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND**
**APPROVAL OF SELECTION OF COUNSEL AND OPPOSITION**
**<u>TO COMPETING LEAD PLAINTIFF MOTIONS</u>**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ......................................................................................................................... 3

    I.    The PSLRA Process ................................................................................................... 3

    II.   Mr. Albaugh is the Presumptive Lead Plaintiff ................................................... 4

    A.   Mr. Albaugh Possesses the Largest Financial Interest of Any Movant. .......................... 4

    B.   Mr. Albaugh Satisfies Rule 23's Typicality and Adequacy Requirements. ................... 5

    C.   Approval of Mr. Albaugh's Choice of Counsel is Appropriate. ..................................... 6

CONCLUSION ..................................................................................................................... 7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ark. Teacher Ret. Sys. v. Insulet Corp.*,
177 F. Supp. 3d 618 (D. Mass. 2016) ................................................................................ 2

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ............................................................................................... 5

*Coopersmith v. Lehman Bros., Inc.*,
344 F. Supp. 2d 783 (D. Mass. 2004) ............................................................................ 1, 6

*Emerson v. Genocea Biosciences, Inc.*,
Nos. 17-12137-PBS, et al., 2018 WL 839382 (D. Mass. Feb. 12, 2018) ........................ 1, 4, 5

*Hackel v. AVEO Pharms., Inc.*,
No. 19-cv-10783-ADB, 2019 WL 1992556 (D. Mass. May 6, 2019) ................................... 4

*Leavitt v. Alnylam Pharms., Inc.*,
378 F. Supp. 3d 60 (D. Mass. 2019) .................................................................................. 5

*In re Lernout & Hauspie Sec. Litig.*,
138 F. Supp. 2d 39 (D. Mass. 2001) .................................................................................. 5

*Luongo v. Desktop Metal, Inc.*,
Civil Action No. 1:21-cv-12099-IT, 2022 U.S. Dist. LEXIS 119570, (D. Mass. July 7,
2022) .................................................................................................................................... 3

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) ............................................................................... 2, 4

**Statutes**

15 U.S.C. § 78u-4 ..................................................................................................... 1, 3, 4, 6

## PRELIMINARY STATEMENT

Lead Plaintiff John D. Albaugh respectfully submits this Memorandum of Law: (1) in further support of his motion for appointment as Lead Plaintiff and approval of his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") to serve as Lead Counsel for the putative Class (Motion to Appoint Counsel and Appoint Lead Plaintiff by John D. Albaugh, Doc. No. 9) in the above-captioned action (the "Action"); and (2) in opposition to the competing motions of: (i) James Scott Ewert, Yiu Chung Lee, Ronnie Evans (Motion to Appoint Counsel and Lead Plaintiff by James Scott Ewert, Yiu Chung Lee, Ronnie Evans, Doc. No. 12); (ii) Reynel Suarez (Motion for Appointment of Lead Plaintiff and Approval of Selection of Counsel by Reynel Suarez, Doc. No. 15); and (iii) Michael Diniega (Motion to Appoint Counsel and Appoint Lead Plaintiff by Michael Diniega, Doc. No. 18).

The Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4) (the "PSLRA"), sets forth a clear directive in terms of appointing lead plaintiffs to serve in securities fraud class actions. The PSLRA applies in the case at hand and, under the PSLRA, Mr. Albaugh's motion for appointment as lead plaintiff and selection of counsel should be granted.

The PSLRA presumes that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and should be appointed as lead plaintiff, so long as he is otherwise adequate and typical. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *See, e.g., Coopersmith v. Lehman Bros., Inc.*, 344 F. Supp. 2d 783, 793 (D. Mass. 2004) (appointing as Lead Plaintiff the movant with the largest financial loss); *Emerson v. Genocea Biosciences, Inc.*, Nos. 17-12137-PBS, et al., 2018 WL 839382, at *3 (D. Mass. Feb. 12, 2018) (loss is the most important factor in assessing financial interest). Mr. Albaugh has, by far, the largest financial interest under

all the factors typically examined by Courts in this District and throughout the country: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period." *Ark. Teacher Ret. Sys. v. Insulet Corp.*, 177 F. Supp. 3d 618, 622 (D. Mass. 2016) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)). As demonstrated in the table below, Mr. Albaugh's financial interest is larger than any other movant seeking to be appointed as the lead plaintiff in this Action:

| Movant[1] | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| John D. Albaugh | 60,005 | 44,000 | $778,002.04 | $317,675.64 |
| James Scott Ewert, Yiu Chung Lee, Ronnie Evans | 15,000 | 11,600 | $223,676.35 | $118,005.00 |
| Michael Diniega | 11,164 | 3,237 | $70,722.06 | $39,826.46 |
| Reynel Suarez | 3,496 | 3,496 | $55,151.04 | $17,298.36 |

Mr. Albaugh also meets the typicality and adequacy requirements of Rule 23, entitling him to the presumption of lead plaintiff. The "Class" in this case is defined as, "all investors who purchased or otherwise acquired Intellia securities between July 30, 2024 to January 8, 2025, inclusive (the "Class Period")". *See* Complaint against Intellia Therapeutics, Inc., John Leonard, and Laura Sepplorenzino, Doc. No. 1 at ¶ 1. Mr. Albaugh acquired his Intellia securities starting on August 6, 2024 through December 30, 2024, during the Class Period. *See* Declaration re 9

---

[1] *See* Declaration re 9 Motion to Appoint Counsel and Appoint Lead Plaintiff by John D. Albaugh, Exhibit B- Loss Chart, Doc. No. 11-2; Declaration re 12 Motion to Appoint Counsel and Lead Plaintiff by James Scott Ewert, Yiu Chung Lee, Ronnie Evans, Exhibit A- Damages Analysis, Doc. No. 14-1; Affidavit re 15 Motion for Appointment of Lead Plaintiff and Approval of Selection of Counsel by Reynel Suarez, Exhibit Loss Chart, Doc. No. 17-3; and Declaration re 18 Motion to Appoint Counsel and Appoint Lead Plaintiff by Michael Diniega, Exhibit C- Movant's Loss Chart, Doc. No. 20-3.

Motion to Appoint Counsel and Appoint Lead Plaintiff by John D. Albaugh, Exhibit A- PSLRA Certification, Doc. No. 11-1, and Exhibit B-Loss Chart, Doc. No. 11-2. Thus, Mr. Albaugh falls squarely within the class definition.

Mr. Albaugh is committed to overseeing the prosecution of this Action to ensure its success. His commitment to the case, along with his educational and professional background, will prove advantageous for the plaintiffs in this litigation. Mr. Albaugh, therefore, has made a *prima facie* showing of adequacy for the purposes of Rule 23.

With $317,675.64 in losses, there can be no dispute that Mr. Albaugh holds the "largest financial interest" in the Action and is, therefore, presumptively the "most adequate plaintiff" for the purpose of serving as lead plaintiff pursuant to the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B). His significant financial interest in this litigation ensures that he will vigorously pursue recovery on behalf of the Class. *See Luongo v. Desktop Metal, Inc.*, Civil Action No. 1:21-cv-12099-IT, 2022 U.S. Dist. LEXIS 119570, at *16 (D. Mass. July 7, 2022) (finding that movant "has sustained significant financial losses, the court finds that she has incentive to maximize the recovery from the alleged fraud and her claims do not conflict with those asserted on behalf of the class."). As none of the competing movants can rebut this presumption with proof that Mr. Albaugh is somehow atypical or inadequate, Mr. Albaugh is entitled to be appointed as the lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, for these reasons, Mr. Albaugh respectfully requests that the Court grant his motion in its entirety and deny the competing motions.

## ARGUMENT

### I.    The PSLRA Process.

The PSLRA creates a presumption that the lead plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the

3

requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest must make a *prima facie* showing of adequacy and typicality under Rule 23. *See Hackel v. AVEO Pharms., Inc.*, No. 19-cv-10783-ADB, 2019 WL 1992556, at *2 (D. Mass. May 6, 2019) (noting that a movant "need only make a *prima facie* showing of typicality and adequacy" to satisfy Rule 23's requirements). Once this presumption is triggered, it may be rebutted only upon proof that the presumptive lead plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Here, the most adequate class representative is Mr. Albaugh.

## II.    Mr. Albaugh is the Presumptive Lead Plaintiff

### A.  Mr. Albaugh Possesses the Largest Financial Interest of Any Movant.

While the PSLRA does not explain how to calculate the greatest financial interest in the relief sought by the class, courts throughout the country typically examine "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and, most importantly, (4) the approximate losses suffered during the class period." *Emerson*, 2018 WL 839382, at *3 (citing *In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 295). Further, Courts in the First Circuit recognize that the amount of financial loss is the most significant factor to be considered. *See Emerson*, 2018 WL 839382, at *3 (losses are the most important factor).

Mr. Albaugh has the largest financial interest in the relief sought by the Class, suffering the greatest loss by nearly $200,000 compared to the closest competing movants.

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| John D. Albaugh | 60,005 | 44,000 | $778,002.04 | $317,675.64 |
| James Scott Ewert, Yiu Chung Lee, Ronnie Evans | 15,000 | 11,600 | $223,676.35 | $118,005.00 |
| Michael Diniega | 11,164 | 3,237 | $70,722.06 | $39,826.46 |
| Reynel Suarez | 3,496 | 3,496 | $55,151.04 | $17,298.36 |

*See* Doc. Nos. 11-2; 14-1; 17-3; and 20-3.

As demonstrated above, it is clear that Mr. Albaugh possesses the largest financial interest of any movant before the Court under every factor considered, including the most important factor, as he suffered the largest loss, acquired the most shares, retained the most shares, and expended the most funds out of all movants. Therefore, Mr. Albaugh has the largest financial interest.

### B.  Mr. Albaugh Satisfies Rule 23's Typicality and Adequacy Requirements.

Pursuant to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also make the requisite *prima facie* showing that he satisfies the typicality and adequacy requirements of Rule 23. *See Emerson*, 2018 WL 839382, at *3 n.2 (requiring a "prima facie showing of typicality and adequacy") (citing *In re Cendant Corp. Litig.,* 264 F.3d 201, 263 (3d Cir. 2001)). Mr. Albaugh has gone beyond making the prima facie showing of the typicality and adequacy requirements of Rule 23, thus triggering the statutory presumption of lead plaintiff in his favor.

Mr. Albaugh purchased 60,005 and retained 44,000 Intellia shares during the Class period, in the same manner as all other Class members, and holds no interest adverse to the rest of the class. *See* Doc. Nos. 11-1, 11-2, and 9 at p. 9. "A plaintiff's claim is typical if it arises from 'the same events or course of conduct' and involves the same legal theory as the claims of the rest of the class members." *Leavitt v. Alnylam Pharms., Inc.,* 378 F. Supp. 3d 60, 65 (D. Mass. 2019) (quoting *In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 46 (D. Mass. 2001)). Mr. Albaugh is more than qualified to represent the Class with an impressive educational background with a Master of Science degree in management. *See* Declaration re 9 Motion to Appoint Counsel and Appoint Lead Plaintiff by John D. Albaugh, Exhibit D- Declaration of John D. Albaugh, Doc. No. 11-4. Mr. Albaugh is a Florida resident, but is currently stationed in Japan. *Id*. He is employed

as a Chief of Workforce Management with the U.S. Department of the Army. *Id*. Mr. Albaugh is a sophisticated investor with 25 years of investing experience. *Id*. Since Mr. Albaugh has the largest financial interest in the relief sought by the Class and otherwise satisfies Rule 23, he is the presumptive "most adequate plaintiff" of the Class within the meaning of the PSLRA.

To overcome the strong presumption entitling Mr. Albaugh to appointment as Lead Plaintiff, the PSLRA requires "***proof***" that the presumptive Lead Plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). This the competing movants cannot do. No such proof exists to rebut the presumption in favor of Mr. Albaugh, nor is he subject to a unique defense that would otherwise detract attention from the allegations of the Action.

Accordingly, as Mr. Albaugh has the largest financial interest in the litigation and satisfies the adequacy and typicality requirements of Rule 23, he is entitled to the presumption of being the "most adequate plaintiff" to represent the Class.

### C.  Approval of Mr. Albaugh's Choice of Counsel is Appropriate.

The PSLRA provides that "the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." *Coopersmith*, 344 F. Supp. 2d 783, 793 (quoting 15 U.S.C. § 78u–4(a)(3)(B)(v)). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Mr. Albaugh selected and retained Levi & Korsinsky to serve as Lead Counsel for the Class. Levi & Korsinsky has extensive experience in successfully prosecuting complex securities class actions such as this one and is well-qualified to represent the Class. *See* Declaration re 9 Motion to Appoint Counsel and Appoint Lead Plaintiff by John D. Albaugh, Exhibit E- Levi & Korsinsky, LLP Firm Resume, Doc. No. 11-5. Thus, the Court should approve Mr. Albaugh's choice of counsel.

**CONCLUSION**

For the foregoing reasons, Mr. Albaugh respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Mr. Albaugh as Lead Plaintiff, (2) approving his selection of Levi & Korsinsky, LLP as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: April 28, 2025                              Respectfully Submitted,

*/s/ Shannon L. Hopkins*
Shannon L. Hopkins (BBO# 657485)
**LEVI & KORSINSKY, LLP**
1111 Summer Street, Suite 403
Stamford, Connecticut 06905
Tel. (203) 992-4523
Fax: (212) 363-7500
E-mail: shopkins@zlk.com

**LEVI & KORSINSKY, LLP**
Adam M. Apton
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Counsel for Movant John D. Albaugh and*
*Proposed Lead Counsel for the Class*

7

## CERTIFICATE OF SERVICE

I, Shannon L. Hopkins, certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on April 28, 2025.

Dated: April 28, 2025                                    /s/Shannon L. Hopkins
                                                         Shannon L. Hopkins

8