# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARCOS GONZALEZ, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> INTELLIA THERAPEUTICS, INC., JOHN LEONARD, and LAURA SEPP-LORENZINO, <br><br> Defendants. | No.: 1:25-cv-10353-DJC |

**MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF THE INTELLIA INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN RESPONSE TO COMPETING MOTIONS**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ......................................................................................................................... 4

I.    THE APPOINTMENT OF CO-LEAD PLAINTIFFS TO REPRESENT BOTH COMMON STOCK AND OPTIONS INVESTORS' INTERESTS IS WARRANTED ................................................................................................ 4

II.    THE INTELLIA INVESTOR GROUP SHOULD BE APPOINTED CO-LEAD PLAINTIFF ALONGSIDE ALBAUGH ................................................. 5

    A.    The Intellia Investor Group Has the Largest Financial Interest in the Relief Sought by Options Investors ......................................................... 6

    B.    The Intellia Investor Group Otherwise Satisfies Rule 23's Requirements . 7

III.    THE INTELLIA INVESTOR GROUP'S SELECTION OF COUNSEL SHOULD BE APPROVED ....................................................................................... 10

CONCLUSION .................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                     **Page(s)**

*Barnet v. Elan Corp., PLC*,
  236 F.R.D. 158 (S.D.N.Y. 2005) ..................................................................................................8

*Emerson v. Genocea Biosciences, Inc.*,
  No. CV 17-12137-PBS, 2018 WL 839382 (D. Mass. Feb. 12, 2018) ...................................8, 9

*Greebel v. FTP Software*,
  939 F. Supp. 57 (D. Mass. 1996) ..................................................................................................6

*In re Blue Apron Holdings, Inc. Sec. Litig.*,
  No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017).........................9

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001)...........................................................................................................8

*In re Countrywide Fin. Corp. Sec. Litig.*,
  273 F.R.D. 586 (C.D. Cal. 2009) ..................................................................................................4

*In re MGM Mirage Sec. Litig.*,
  No. 2:09-CV-01558-GMN, 2010 WL 4316754 (D. Nev. Oct. 25, 2010) .............................2, 4

*In re SunEdison, Inc. Sec. Litig.*,
  329 F.R.D. 124 (S.D.N.Y. 2019) ..................................................................................................4

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
  311 F.R.D. 373 (S.D.N.Y. 2015) ................................................................................................10

*Leavitt v. Alnylam Pharms., Inc.*,
  378 F. Supp. 3d 60 (D. Mass. 2019) ..............................................................................5, 6, 7, 10

*Loc. No. 8 IBEW Ret. Plan v. Vertex Pharms. Inc.*,
  52 F. Supp. 3d 337 (D. Mass. 2014) .....................................................................................3, 7, 10

*Louisiana Mun. Police Employees' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*,
  No. 2:11-CV-289, 2012 WL 12985571 (D. Vt. Apr. 27, 2012) ...................................................9

*Miller v. Sonus Networks, Inc.*,
  No. CV 18-12344-GAO, 2019 WL 2567283 (D. Mass. June 21, 2019) ...................................8, 9

*Miller v. Ventro Corp.*,
  No. 01-CV-1287, 2001 WL 34497752 (N.D. Cal. Nov. 28, 2001) ..........................................2, 4

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
  17-CV-06130 (LTS)(SN), 2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017) ..................................5

*Robb v. Fitbit Inc.*,
No. 16-CV-00151-SI, 2016 WL 2654351 (N.D. Cal. May 10, 2016) .......................................8

*Takara Trust v. Molex, Inc.*,
229 F.R.D. 577 (N.D. Ill. 2005) ................................................................................................6

**Statutes**

15 U.S.C. § 78u-4 ........................................................................................................................10

15 U.S.C. § 78u–4(a)(3)(B)(iii) ....................................................................................................8

15 U.S.C. § 78u-4(a)(3)(B)(iii) .....................................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ...........................................................................................1, 2, 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) .................................................................................................5

Private Securities Litigation Reform Act of 1995 ............................................................. *passim*

**Rules**

Fed. R. Civ. P. 23 ..................................................................................................................1, 3, 6, 7

Rule 23(a)(4) .................................................................................................................................7

Lead Plaintiff Movant the Intellia Investor Group[1] respectfully submits this memorandum of points and authorities in further support of its motion for appointment as Lead Plaintiff and approval of its selection of Pomerantz as Lead Counsel; and in response to the competing motions of: (i) John D. Albaugh ("Albaugh") (Dkt. No. 9); (ii) Reynel Suarez ("Suarez") (Dkt. No. 15); and (iii) Michael Diniega ("Diniega") (Dkt. No. 18).

## PRELIMINARY STATEMENT

This Action is a putative class action securities fraud lawsuit on behalf of investors in Intellia securities. As with all federal class action securities fraud lawsuits, the Court must appoint as Lead Plaintiff one or more members of the putative Class. The PSLRA governs that process and, pursuant to the PSLRA, the Court must appoint as Lead Plaintiff the movant or group of movants with the largest financial interest in the outcome of the Action that also satisfies the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, the movant with the largest financial interest appears to be Albaugh, who claims to have incurred an investment loss of approximately $317,676 in connection with his Class Period transactions in Intellia common stock. *See* Dkt. No. 11-2. Albaugh also appears to have made a *prima facie* showing that he satisfies Rule 23's typicality and adequacy requirements. *See* Dkt. No. 10 at 7-10. However, if the Court determines that Albaugh is the "most adequate plaintiff" in this litigation within the meaning of the PSLRA and appoints him as Lead Plaintiff, then the Intellia Investor Group respectfully submits that the Court should also appoint the Intellia Investor Group—the **only** movant to have alleged a loss in connection with Class Period investments in Intellia options (*see* Dkt. No. 14-1)—as Co-Lead Plaintiff alongside Albaugh to ensure that the

---

[1] All capitalized terms herein are defined in the Intellia Investor Group's moving brief, unless otherwise indicated. *See* Dkt. No. 13.

claims of investors in Intellia common stock *and* options are adequately represented in the Class leadership structure of this Action. *See, e.g.*, *In re MGM Mirage Sec. Litig.*, No. 2:09-CV-01558-GMN, 2010 WL 4316754, at *5 (D. Nev. Oct. 25, 2010) (appointing investor in debt securities as co-lead plaintiff alongside common stock investor to "ensure the protection of the interests of the class members that purchased debt securities"); *Miller v. Ventro Corp.*, No. 01-CV-1287, 2001 WL 34497752, at *11 (N.D. Cal. Nov. 28, 2001) (acknowledging "potential differences between . . . bondholders and stockholders" and "find[ing] it[] appropriate to appoint a bondholder as co-lead plaintiff in addition to a stockholder").

The Complaint in the Action defines the Class as "all investors who purchased or otherwise acquired Intellia *securities*" during the Class Period. Dkt. No. 1 ¶ 1 (emphasis added). Given this expansive Class definition, which encompasses investors in *all* Intellia securities during the Class Period, the Class will necessarily consist of investors who purchased different types of securities, including, *inter alia*, Intellia common stock *and* options. As discussed in further detail in Section I., *infra*, there are presumably hundreds, if not thousands, of options investors included in the Class. The nature of their investments is sufficiently distinct from that of Intellia stock purchasers to merit their representation by a similarly situated investor—here, the Intellia Investor Group.

The Intellia Investor Group is "the most adequate plaintiff" to represent the interests of options investors. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)  First, of the four movants that timely filed motions for appointment as Lead Plaintiff, only the Intellia Investor Group has claimed a loss ($215) in connection with Class Period investments in Intellia options.[2]  Accordingly, among the

_____

[2] The damages analysis exhibit ("Damages Analysis") that the Intellia Investor Group submitted with its moving papers inadvertently indicated that the group retained zero options contracts at the end of the Class Period. *See* Dkt. No. 14-1. As correctly reflected in the shareholder Certifications submitted with its moving papers, the Intellia Investor Group in fact retained three options

competing movants, only the Intellia Investor Group claims any financial interest in connection with the recovery of losses on Class Period transactions in Intellia options. Thus, by default, the Intellia Investor Group possesses the largest financial interest in the relief sought by options investors.

Second, the Intellia Investor Group strongly satisfies Rule 23's typicality and adequacy requirements. The Intellia Investor Group's claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, including the options investors' claims. *See Loc. No. 8 IBEW Ret. Plan v. Vertex Pharms. Inc.*, 52 F. Supp. 3d 337, 341 (D. Mass. 2014). The Intellia Investor Group is aware of no conflict between its interests and those of the Class, its significant investment losses in connection with both Intellia common stock and options (approximately $123,346 calculated on a FIFO basis, or $118,005 calculated on a LIFO basis (*see* Dkt. No. 14-1)) gives it a sufficient stake in the outcome of this Action to ensure vigorous advocacy on behalf of the Class, and in Pomerantz, the Intellia Investor Group has retained qualified and experienced class counsel. *See Vertex*, 52 F. Supp. at 341. The Intellia Investor Group has further demonstrated its adequacy because it is a small and cohesive group of three likeminded investors who have submitted a Joint Declaration attesting to, *inter alia*, their respective backgrounds and investment experience, their understanding of this litigation generally and the significance of their motion specifically, their understanding of the responsibilities of lead plaintiffs appointed pursuant to the PSLRA, a meaningful explanation of their reasons for joining together, and their readiness to collaboratively shoulder the responsibilities of a lead plaintiff under the PSLRA, including by overseeing the efforts of counsel. *See generally* Dkt. No. 14-4.

---

contracts at the end of the Class Period. *See* Dkt. No. 14-3. The error in the Damages Analysis had no impact on the Intellia Investor Group's calculation of damages.

Accordingly, for the reasons set forth herein, the Intellia Investor Group respectfully requests that the Court enter an Order appointing the Intellia Investor Group and Albaugh as Co-Lead Plaintiffs for the Class and approving the Intellia Investor Group's selection of Pomerantz to serve as Co-Lead Counsel alongside Albaugh's selection of counsel for the Class.

ARGUMENT

**I.    THE APPOINTMENT OF CO-LEAD PLAINTIFFS TO REPRESENT BOTH COMMON STOCK AND OPTIONS INVESTORS' INTERESTS IS WARRANTED**

As a threshold matter, the Intellia Investor Group respectfully submits that the Court's appointment of Class leadership that includes both common stock and options investors is warranted to ensure that the interests of both are protected. *See, e.g.*, *MGM*, 2010 WL 4316754, at \*5 (appointing investor in debt securities as co-lead plaintiff alongside common stock investor to "ensure the protection of the interests of the class members that purchased debt securities"); *Miller*, 2001 WL 34497752, at \*11 (acknowledging "potential differences between . . . bondholders and stockholders" and "find[ing] its [*sic*] appropriate to appoint a bondholder as co-lead plaintiff in addition to a stockholder"); *see also In re Countrywide Fin. Corp. Sec. Litig.*, 273 F.R.D. 586, 624-25 (C.D. Cal. 2009) (appointing multiple class representatives to represent the interests of investors in different types of securities to address issues particular to each); *In re SunEdison, Inc. Sec. Litig.*, 329 F.R.D. 124, 147-48 (S.D.N.Y. 2019) (appointing multiple class representatives to represent the interests of investors alleging different federal securities law claims).

Here, the Complaint in the Action defines the Class as "all investors who purchased or otherwise acquired Intellia *securities*" during the Class Period.  Dkt. No. 1 ¶ 1 (emphasis added). Accordingly, the Class definition encompasses investors in *all* Intellia securities during the Class Period, including stock *and* options investors.  Unlike Class members who directly purchased

4

Intellia stock on the open market, options investors instead purchased contracts conveying the right to purchase or sell certain amounts of Intellia stock at a specified strike price within a pre-determined time. The claims of options investor thus necessarily implicate various issues that are distinct from those of investors who only purchased Intellia common stock, and their interests thus merit representation by a similarly situated investor—namely, the Intellia Investor Group. The Intellia Investor Group, unlike the competing movants, transacted in Intellia options during the Class Period in addition to Intellia common stock, and incurred losses on both its common stock *and* options transactions. *See* Dkt. No. 14-1. Accordingly, the Intellia Investor Group is uniquely qualified to represent the interests of options investors in this Action, as discussed in further detail below.

## II.      THE INTELLIA INVESTOR GROUP SHOULD BE APPOINTED CO-LEAD PLAINTIFF ALONGSIDE ALBAUGH

The PSLRA creates a strong presumption that the Lead Plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Once this presumption is triggered, it may be rebutted only upon proof that the presumptive Lead Plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts in this District and around the country recognize that the amount of financial loss is the most significant factor to be considered. *See, e.g., Luongo*, 2022 WL 2532498, at *3 ("Among the[] four [*Lax*] factors, courts have considered the approximate losses suffered to be the most important in determining the largest financial interest."); *Leavitt v. Alnylam Pharms., Inc.*, 378 F. Supp. 3d 60, 64 (D. Mass. 2019) (same); *Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN), 2017 WL 5256769,

at *1 (S.D.N.Y. Nov. 13, 2017) (equating financial interest with economic loss); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("[M]ost courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

The movant that has the largest financial interest need only make a *prima facie* showing at this stage that it satisfies the typicality and adequacy requirements of Rule 23. *See Leavitt*, 378 F. Supp. 3d at 65; *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996).

Here, the presumptive "most adequate plaintiff" appears to be Albaugh, who has alleged a loss of approximately $317,676 in connection with his Class Period transactions in Intellia common stock (*see* Dkt. No. 11-2)—the largest loss claimed among the competing movants—and who otherwise appears to satisfy Rule 23's typicality and adequacy requirements. *See Luongo*, 2022 WL 2532498, at *3-5 (appointing as lead plaintiff the movant with the largest loss that also made a *prima facie* showing of typicality and adequacy under Rule 23). However, the Intellia Investor Group respectfully submits that the Court should appoint it as a Co-Lead Plaintiff alongside Albaugh to ensure that claims of stock ***and*** options investors are adequately represented in the Class leadership structure of this Action. This is because, as set forth below, the Intellia Investor Group is "the most adequate plaintiff" to represent the interests of options investors.

A.    **The Intellia Investor Group Has the Largest Financial Interest in the Relief Sought by Options Investors**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Here, among those that timely filed a motion for appointment as Lead Plaintiff in this Action, only the Intellia Investor Group has claimed a loss in connection with Class Period investments in Intellia options. *See* Dkt. No. 14-1. No other movant claims to have incurred ***any*** losses in connection with Intellia options during the Class

6

Period.  Rather, the three other movants—Albaugh, Suarez, and Diniega—have only claimed losses in connection with Class Period investments in Intellia common stock.  Accordingly, the Intellia Investor Group, by default, has the largest financial interest in the relief sought by options investors.

**B.    The Intellia Investor Group Otherwise Satisfies Rule 23's Requirements**

In addition to possessing the largest financial interest in the relief sought by options investors, the Intellia Investor Group has also made the requisite *prima facie* showing that it satisfies Rule 23's typicality and adequacy requirements.  *See Leavitt*, 378 F. Supp. 3d at 65.  First, the Intellia Investor Group's claims in this litigation satisfy the typicality requirement of Rule 23(a)(3) because its claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, including options investors' claims.  *See Leavitt*, 378 F. Supp. 3d at 65; *Vertex*, 52 F. Supp. 3d at 341.  The Intellia Investor Group, like other Class members, purchased Intellia securities—specifically, common stock and options—during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions.  Like other Class members, including options investors, the Intellia Investor Group was misled by the Defendants' false and misleading statements during the Class Period and suffered damages when the value of the Company's securities fell upon the revelation of Defendants' alleged fraud.

Second, the Intellia Investor Group satisfies the adequacy requirement of Rule 23(a)(4) because it has a sufficient stake in the outcome of this Action to ensure vigorous advocacy on behalf of the Class, it is aware of no conflict between its interests and those of the Class, and it has retained qualified and experienced counsel.  *See Leavitt*, 378 F. Supp. 3d at 65; *Vertex*, 52 F. Supp. 3d at 341.  The Intellia Investor Group incurred significant losses on its Class Period investments in Intellia common stock and options (approximately $123,346 calculated on a FIFO basis, or

7

$118,005 calculated on a LIFO basis (*see* Dkt. No. 14-1)), which gives it a sufficient stake in the outcome of this Action to ensure vigorous advocacy on behalf of the Class.  There is no evidence of antagonism or conflict between the Intellia Investor Group's interests and those of the Class, and the Intellia Investor Group has submitted sworn Certifications executed by its members declaring their respective commitment to protect the interests of the Class (*see* Dkt. No. 14-3). Moreover, as detailed in its moving brief, the Intellia Investor Group has retained qualified and experienced class counsel.  *See* Dkt. No. 13 at 11-12.

Further, the Intellia Investor Group is a small and cohesive group of three likeminded investors.  It therefore constitutes an appropriate group of the type routinely appointed to serve as lead plaintiff in PSLRA actions, as expressly permitted by the PSLRA and courts throughout the country, including in this District specifically.  *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii) ("[T]he most adequate plaintiff . . . is the person ***or group*** of persons that . . . has the largest financial interest in the relief sought by the class." (Emphasis added.)); *Miller v. Sonus Networks, Inc.*, No. CV 18-12344-GAO, 2019 WL 2567283, at *1 (D. Mass. June 21, 2019) ("[C]ourts in this district have not excluded unrelated parties from becoming lead plaintiffs as long as the group is 'sufficiently coherent to control the litigation.'" (quoting *In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 44 (D. Mass. 2001))); *Emerson v. Genocea Biosciences, Inc.*, No. CV 17-12137-PBS, 2018 WL 839382, at *5 (D. Mass. Feb. 12, 2018) (appointing five-person group, being "satisfied that [it] will adequately represent the plaintiffs' interests and will not cede control of the litigation to the attorneys"); *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding "there can be no doubt" the PSLRA permits appointment of groups and appointing group of six as lead plaintiffs); *Robb v. Fitbit Inc.*, No. 16-CV-00151-SI, 2016 WL 2654351, at *7 (N.D. Cal. May 10, 2016) (appointing five-person investor group as lead plaintiff); *see also In re Cendant Corp. Litig.*,

264 F.3d 201, 266 (3d Cir. 2001) ("disagree[ing] with those courts that have held that the [PSLRA] invariably precludes a group of 'unrelated individuals' from serving as a lead plaintiff[,]" and noting that "[t]he statute contains no requirement mandating that the members of a proper group be 'related' in some manner"). Moreover, in *China Agritech*, the Supreme Court affirmed the propriety of appointing such groups as lead plaintiff, finding that "[d]istrict courts often permit aggregation of plaintiffs into plaintiff groups[.]" 584 U.S. 732, 742 n.3 (2018). More recently, in *In re Mersho*, the Ninth Circuit Court of Appeals held that "the [PSLRA] expressly allows a 'group of persons' to move for appointment" as lead plaintiff. 6 F.4th 891, 899 (9th Cir. 2021).

Further, courts around the country, including in this District specifically, routinely find movant groups to be adequate where, as here, they have robustly demonstrated their cohesiveness via a detailed Joint Declaration. *See, e.g.*, *Miller*, 2019 WL 2567283, at *1 (appointing group whose members "did not have a pre-existing relationship" because they "submitted a . . . declaration . . . that . . . sufficiently explains how the group plans to work together"); *Emerson*, 2018 WL 839382, at *4 (appointing five-person group because its "members have submitted a joint declaration discussing, albeit not in tremendous detail, their plan to exercise joint decision-making and work together to actively monitor the activities of counsel" (internal quotation marks omitted)); *In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017) (appointing group of four unrelated investors that submitted a declaration attesting "it is prepared to work cooperatively to serve the best interests of the class," and finding the group is not "so large as to be unwieldly and impracticable"); *Louisiana Mun. Police Employees' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, No. 2:11-CV-289, 2012 WL 12985571, at *3 (D. Vt. Apr. 27, 2012) (finding joint declaration "sufficient to assure the Court that the [lead] plaintiffs will effectively manage the litigation").

9

Here, the Intellia Investor Group has submitted a detailed Joint Declaration executed by its members, in which they, *inter alia*:

- Provide detailed information about themselves, including, *inter alia*, their educational and professional backgrounds, ages, investment experience, and geographic location (*see* Dkt. No. 14-4 ¶¶ 2-4);

- Explain their reasons for seeking appointment jointly as co-lead plaintiffs (*id.* ¶ 10) ("We each determined that we could ***maximize the Class's recovery by pooling our respective resources and experience*** by jointly seeking appointment as Co-Lead Plaintiffs. After reviewing the allegations pleaded in the complaint and consulting with our counsel, we each independently determined to seek joint appointment as Co-Lead Plaintiffs, and subsequently approved the filing of a joint motion seeking our appointment as Co-Lead Plaintiffs. We agree that ***our collective resources and our ability to engage in joint decision-making will materially benefit and advance the interests of the Class*** in this case." (Emphases added.)); and

- Attest in detail to their understanding of the responsibilities of a lead plaintiff appointed pursuant to the PSLRA and their readiness to undertake those responsibilities (*id.* ¶¶ 5-8, 10-13).

Accordingly, the Intellia Investor Group has plainly made the requisite *prima facie* showing that it satisfies the typicality and adequacy requirements of Rule 23. *See Leavitt*, 378 F. Supp. 3d at 65.

## III.   THE INTELLIA INVESTOR GROUP'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in lead plaintiffs to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Vertex*, 52 F. Supp. 3d at 341. The Court should only interfere with a lead plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))).

Here, the Intellia Investor Group has selected Pomerantz as Lead Counsel for the Class. As its resume reflects, Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. *See* Dkt. No. 14-5. Thus, the Court may be assured that by approving the Intellia Investor Group's selection of counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, the Intellia Investor Group respectfully requests that the Court issue an Order: (1) appointing the Intellia Investor Group and Albaugh as Co-Lead Plaintiffs for the Class; and (2) approving the Intellia Investor Group's selection of Pomerantz to serve as Co-Lead Counsel alongside Albaugh's selection of counsel for the Class.

Dated:  April 28, 2025                                   Respectfully submitted,

**POMERANTZ LLP**

*/s/ Emily C. Finestone*
Emily C. Finestone (BBO # 693684)
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
efinestone@pomlaw.com
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Movant the Intellia Investor Group and Proposed Lead Counsel for the Class*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein

11

(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Movant Yiu Chung Lee*

12

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically

to the registered participants as identified on the Notice of Electronic Filing on April 28, 2025.

/s/ Emily C. Finestone
Emily C. Finestone (BBO # 693684)

13