**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MARCOS GONZALEZ, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> INTELLIA THERAPEUTICS, INC., JOHN LEONARD, LAURA SEPP-LORENZINO, DAVID LEBWOHL, and EDWARD J. DULAC, <br><br> Defendants. | Case No. 1:25-cv-10353-DJC <br><br><br> **ORAL ARGUMENT REQUESTED** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE EXHIBITS ATTACHED TO DEFENDANTS' MOTION TO DISMISS AND THE RELATED DECLARATION OF CAROLINE H. BULLERJAHN**

Court-appointed Lead Plaintiffs John D. Albaugh, James Scott Ewert, Yiu Chung Lee, and Ronnie Evans (collectively, "Plaintiffs"), respectfully submit this memorandum of law in support of their Motion to Strike Exhibits Attached to Defendants' Motion to Dismiss (ECF No. 46) and the related Declaration of Caroline H. Bullerjahn ("Bullerjahn Decl.") (ECF No. 47-1).

## I.    INTRODUCTION

On September 8, 2025, pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Intellia Therapeutics, Inc. ("Intellia"), John Leonard, Laura Sepp-Lorenzino, David Lebwohl, and Edward J. Dulac (collectively, "Defendants") moved to dismiss the Amended Complaint for Violations of the Federal Securities Laws (the "Complaint") (ECF No. 38). Along with their 25-page memorandum of law in support of thereof ("Memorandum" or "Def. Br.") (ECF No. 47), Defendants attach 22 exhibits, which include 34 pages of attorney-generated charts (*see* ECF Nos. 47- 2-3) and nearly 230 pages of excerpts from certain Intellia SEC filings, press releases, presentations, and investor call transcripts (*see* ECF Nos. 47- 3-23; *see also* Bullerjahn Decl. at 1-4), all of which Defendants implicitly ask the Court (in a footnote) to consider when deciding their Motion to Dismiss. *See* Def. Br. at 1 n.1. In doing so, Defendants make only the cursory argument that, "[t]he Court may consider the exhibits because each is incorporated by reference in the [Complaint] and/or a public filing with the SEC susceptible to judicial notice." *Id.* (citing *Squeri v. Mount Ida Coll.*, 954 F.3d 56, 61 (1st Cir. 2020)). Defendants make no effort to explain why each of these extrinsic materials is essential to evaluating the sufficiency of the Complaint.

As an initial matter, the First Circuit "ha[s] repeatedly held that arguments raised only in a footnote or in a perfunctory manner are waived." *Tax-Free Fixed Income Fund for P.R. Residents, Inc. v. Ocean Cap. LLC*, 137 F.4th 6, 24 (1st Cir. 2025) (quoting *P.R. Tel. Co., Inc. v. San Juan Cable LLC*, 874 F.3d 767, 770 (1st Cir. 2017)). Accordingly, Defendants waived any argument

they might have for consideration of such extrinsic materials and any dismissal arguments based thereon as the issue was presented merely as a footnoted afterthought, devoid of context or developed argument for each document. *See, e.g.*, *F.T.C. v. Direct Mktg. Concepts, Inc.*, 624 F.3d 1, 8 (1st Cir. 2010) (deeming argument waived where defendants "cite[d] haphazardly" to "a smattering of [] case law, without engaging in any application of those sources"); *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 36 (1st Cir. 1994) (argument raised in "cursory footnote" deemed waived); *see also In re StockerYale Sec. Litig.*, 453 F. Supp. 2d 345, 348 (D.N.H. 2006) (denying consideration of market commentary based on defendants' cursory argument that it is "background information subject to judicial notice … and 'pertinent to the action'"); *Froyoworld Licensing, LLC v. Lin*, 2014 WL 1347218, at *2 n.2 (D. Mass. Apr. 2, 2014) (remarking that the request for judicial notice "should have been docketed as a separate motion," and that "Defendant's counsel cannot simply attach materials, explain where he got them and deem them authenticated").

Notwithstanding, it is evident that Defendants' submission of hundreds of pages of extrinsic materials is nothing more than an improper attempt to introduce their own set of factual allegations and competing theories against the Complaint at the pleadings stage. "It is well-established in this circuit that the court, in reviewing a complaint pursuant to Rule 12(b)(6), 'may properly consider the relevant *entirety* of a document integral to or explicitly relied upon in the complaint, even though not attached to the complaint, without converting the motion into one for summary judgment,'" in order to "prevent[] the plaintiff from 'exercising an isolated statement from a document and importing it into the complaint' in a manner that would preclude the court from assessing the sufficiency of the complaint's allegations." *Metro. Prop. & Cas. Ins. Co. v. Savin Hill Fam. Chiropractic, Inc.,* 322 F.R.D. 151, 155 (D. Mass. 2017) (emphasis added) (quoting *Clorox Co. P.R. v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 32 (1st Cir. 2000)).

Defendants here, however, do not submit these exhibits merely to, for example, clarify the content of a particular document incorporated by reference in the Complaint. Rather, they use these exhibits to challenge or supplement Plaintiffs' allegations. Tellingly, Defendants provided only excerpts from the extrinsic materials submitted. *See, e.g.*, *Metro.*, 322 F.R.D. at 155 (striking exhibits attached to a Rule 12(b)(6) motion finding "Defendants have not shown that this rule governs the materials at issue[] [a]s … they have only submitted portions of the [materials]"). And because the Complaint's allegations must be taken as true, to the extent the Court is inclined to consider any exhibit deemed relevant and properly before the Court, such materials may only be noticed for their existence and not for the truth of any matters asserted therein.

Additionally, Exhibits 3, 4, 7, and 22 are neither integral to nor explicitly relied upon in the Complaint, and therefore, are not proper subjects of incorporation by reference. Further, Exhibit 7 is also not a "public filing with the SEC susceptible to judicial notice" (Def. Br. at 1 n.1) and is subject to reasonable dispute. And Exhibits 3, 4, and 22 are irrelevant to the matters at hand, as these documents fall outside the Class Period. Accordingly, these exhibits are not properly before the Court, nor are they essential to evaluating the sufficiency of the Complaint.

Likewise, Exhibits 1 and 2 (*i.e.*, Defendants' attorney-generated charts) are neither subject to incorporation by reference nor judicial notice. Rather Defendants claim that these exhibits are attached for the Court's "convenience." Bullerjahn Decl. at 1. It is apparent, however, even upon a cursory review that Defendants' creation of and reliance on these charts is nothing more than an improper attempt to contravene the already expanded page limitations and present additional factual analyses and legal defenses outside the four corners of their Memorandum.

Accordingly, Defendants' exhibits should be summarily stricken, or in the alternative, considered under the limited purview detailed further below.

3

## II.    LEGAL STANDARD

"A district court's central task in evaluating a motion to dismiss is to determine whether the complaint alleges facts sufficient to state a cause of action." *Beddall v. State Street Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998). "In ruling on a motion to dismiss, a court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiffs." *Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co*., 267 F.3d 30, 33 (1st Cir. 2001). Thus, it is well established that "[u]nder Rule 12(b)(6), the district court may properly consider only facts and documents that are part of or incorporated into the complaint; if matters outside the pleadings are considered, the motion must be decided under the more stringent standards applicable to a Rule 56 motion for summary judgment." *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir. 2008); Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

In *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007), the Supreme Court solidified two narrow exceptions to this rule noting, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id.* at 322; *see, e.g.*, *Newton Covenant Church v. Great Am. Ins. Co.*, 956 F.3d 32, 35 (1st Cir. 2020) (collecting First Circuit cases reciting the same). Importantly, even if extrinsic materials fall under one of these exceptions, they must still be "relevant" and not subject to reasonable dispute. *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993); *see also Pizzuto v. Homology Medicines, Inc.*, 2024 WL 1436025, at *2 (D. Mass. Mar. 31, 2024)

(denying judicial notice of "irrelevant" public documents); *Kader v. Sarepta Therapeutics, Inc.*, 2016 WL 1337256, at *10 (D. Mass. Apr. 5, 2016) (denying consideration of numerous disputed materials noting "[a]lthough these exhibits may have provided helpful context, they are not properly before the Court, nor are they essential to evaluating the sufficiency of the Complaint").

*First*, "a complaint incorporates a document by reference only where the allegations are 'expressly linked to – and admittedly depend upon – a document (the authenticity of which is not challenged)' such that the 'document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6).'" *Shash v. Biogen Inc.*, 627 F. Supp. 3d 84, 97 (D. Mass. 2022) ("That a complaint mentions a document, or even repeatedly refers to a document, however, is not enough[.]") (quoting *Beddall,* 137 F.3d at 17); *see, e.g.*, *Fudge v. Penthouse Int'l Ltd.*, 840 F.2d 1012, 1015 (1st Cir. 1988) ("Clearly, not every document referred to in a complaint may be considered incorporated by reference and thus introduced by the moving party in support of a motion to dismiss," noting it must also be "central to [the complaint]"). Furthermore, a court "does not consider those exhibits to prove the truth of any matters asserted therein." *Pizzuto*, 2024 WL 1436025, at *1; *see, e.g.*, *Metro*., 322 F.R.D. at 155-56 (striking exhibits submitted merely to raise competing theories to the complaint noting "[a]t this stage, the Plaintiffs are entitled to have their factual allegations … accepted as true," concluding the "defendants are free to challenge the Plaintiffs' allegations using the underlying evidence, and any other evidence developed during discovery, at a later stage in the proceedings").

*Second*, "[u]nder Fed. R. Evid. 201(b), a judge may take notice of an adjudicative fact only if it is 'not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Sarvis v. Polyvore, Inc.*, 2015 WL 5934759,

5

at *4 (D. Mass. Aug. 24, 2015), *report and recommendation adopted*, 2015 WL 6182226 (D. Mass. Sept. 14, 2015) (quoting *Lussier v. Runyon*, 50 F.3d 1103, 1113 (1st Cir. 1995)). Again, "[a] court, however, 'will only take into consideration the existence and contents' of such documents and 'will not assume the truth of the findings asserted therein. …'" *Schuster v. Harbor*, 471 F. Supp. 3d 411, 416 (D. Mass. 2020) (quoting *Barnstable Cty. v. 3M Co.,* 2017 WL 6452245, at *5 (D. Mass. Dec. 18, 2017)). For example, "[w]hile a legislative report is a public record properly subject to judicial notice of its 'existence and contents, this does not mean that the court must accept the findings in the report as indisputable truth.'" *Alharbi v. Beck*, 62 F. Supp. 3d 202, 209 (D. Mass. 2014) (quoting *Stasiukevich v. Nicolls*, 168 F.2d 474, 479 (1st Cir. 1948)).

Although "some federal courts have adopted a flexible approach to consideration of extrinsic documents on a motion to dismiss, the First Circuit continues to adhere to the traditional view that such consideration is ordinarily forbidden without conversion to summary judgment." *Quaak v. Dexia S.A.*, 357 F. Supp. 2d 330, 339 (D. Mass. 2005) (internal quotation omitted); *see also Ryan v. McCullough*, 2025 WL 589021, at *1 n.1 (D. Mass. Feb. 24, 2025) (noting the general rule). Thus, aside from extrinsic materials that meet these limited exceptions, if the Court considers documents or facts outside the Complaint, it must convert the motion to dismiss into one for summary judgment, and conversion is not appropriate unless the parties have had an opportunity to conduct reasonable discovery. *See, e.g.*, *Giragosian v. Ryan*, 547 F.3d 59, 65 (1st Cir. 2008) ("Conversion is improper if it would come as a 'surprise' or be 'unfair' to the party against whom judgment is rendered."); *see also Froyoworld Licensing*, 2014 WL 1347218, *2-*3 (denying a Rule 12(b)(6) motion to dismiss and noting that "Defendant's inclusion of extrinsic materials would require that his motion be treated as one for summary judgment"); *Blake v. Canoo Inc.*, 2022 WL 22919489, at *1-*2 (C.D. Cal. July 19, 2022) (same).

6

### III.    ARGUMENT

As described above, Defendants failed to establish how and why it would be appropriate for the Court to consider the copious amounts of extraneous materials submitted when deciding their Motion to Dismiss. While these shortcomings alone warrant the Court's rejection of such materials, for the reasons set forth below, Exhibits 1-4, 7, and 22 are not properly before the Court, nor are they essential to evaluating the sufficiency of the Complaint, and any consideration of sufficiently incorporated or judicially noticeable documents deemed relevant and not subject to reasonable dispute, must be limited to the fact that they exist and not the truth of their contents.

### A.    Exhibits 1 and 2 Contain Improper Arguments in Violation of the Page Limits

Defendants submitted 34 pages of attorney-generated charts (*i.e.*, Exhibits 1 and 2) for the purpose of presenting additional factual analyses and legal defenses outside the Memorandum in violation of the page limitations set by the Court. *See* ECF No. 45 (granting leave to file excess pages, providing a direct order that "Defendants' memorandum of law in support of their Motion to Dismiss shall not exceed twenty-five (25) pages in length").

A party cannot put arguments in an exhibit to evade the page limit. *See, e.g.*, *Exec. Leasing Corp. v. Banco Popular de P.R.*, 48 F.3d 66, 67 (1st Cir. 1995) (admonishing that "attorneys cannot circumvent" applicable page limits "by incorporating by reference" arguments made elsewhere, and that any argument they wish the court to consider, "must appear within the four corners of the brief"); *Energetiq Tech., Inc. v. ASML Neth. B.V.*, 113 F. Supp. 3d 461, 468 (D. Mass. 2015) (rejecting attempt by party "to incorporate arguments" outside motion to dismiss brief where they "did not seek leave to file excess pages" and consideration would "circumvent memoranda page limit requirements" in Local Rules); *Kelly v. Waters Corp.*, 2023 WL 2404040, at *3 (D. Mass. Feb. 9, 2023) (rejecting attempt by party to incorporate a separate twenty-page document with

arguments "via a single sentence in his present memorandum" as consideration would "improperly circumvent the rules governing page limits, which apply equally to both parties"); *Rochlin v. Cincinnati Ins. Co.*, 2003 WL 21852341, at *8 (S.D. Ind. July 8, 2003) (striking exhibits "containing additional factual information and argument … infer[ing] that defendant intentionally attempted to evade this court's direct order that the reply brief *not* exceed 40 pages"); *see also King Cnty. v. Rasmussen*, 299 F.3d 1077, 1082 (9th Cir. 2002) (remarking that documents submitted with a motion "should not be used to make an end-run around the page limitations … by including legal arguments outside of the briefs") (citing Fed. R. Civ. P. 56(e)).

Yet, that is precisely what Defendants attempt to do here with Exhibits 1 and 2. Defendants were afforded 25 pages to present their factual and legal basis as to why the Complaint failed to state a claim under Rule 12(b)(6). ECF No. 45. The 20-page chart submitted as Exhibit 1 contains an amalgamation of the false and misleading statements as alleged in the Complaint accompanied by "surrounding text" for purported "additional context" (ECF No. 47-2 at 2 n.1) and a column on the right labeled "Why Statement Is Not Actionable," which contains checks under each sub-column for why Defendants argue each statement is purportedly dismissible, including such legal reasons as "Not Adequately Alleged To Be False or Misleading," "Forward-Looking," "Puffery," and/or "Opinion." *See generally*, *id*. It defies credibility to claim that Exhibit 1 does not contain argument outside the confines of the Memorandum.

Similarly, the chart submitted as Exhibit 2 compiles risk disclosures purportedly "relevant to Defendants' motion to dismiss" (ECF No. 47-3 at 2 n.1), accompanied by a column identifying the reported source of the disclosure, providing citations to other extraneous materials submitted (*see generally*, *id.*). This is not a chart of "convenience" as Defendants suggest (*see* Bullerjahn Decl. at 1)—it is a blatant extension of Defendants' argument for dismissal of any claims brought

against protected forward-looking statements. Notably, in their Memorandum, Defendants rely exclusively on the risk disclosures found in Intellia's FY 2023 Form 10-K, filed with the SEC on February 22, 2024 (*i.e.*, Exhibit 8), to argue numerous alleged misstatements, made throughout the Class Period, which ran from January 4, 2024 to January 8, 2025, are immune from challenge because they were purportedly accompanied by "meaningful cautionary language." *See* Def. Br. at 21-22 (quoting Exhibit 8 and citing Exhibit 2 in a footnote). Within Exhibit 2, Defendants attempt to accomplish the guise of their arguments by utilizing a categorized chart, reinforced with added emphasis. *See generally,* ECF No. 47-3. By categorizing these disclosures with specific headings concerning the risks to which the cautionary language purportedly applies, Defendants present additional arguments as to how specific misstatements are protected under the PSLRA safe harbor outside the Memorandum.

As courts nationwide have recognized, such efforts to circumvent the Court's order and supplement their arguments in attorney-generated charts are inappropriate and Exhibits 1 and 2 should be stricken from the record. *See*, *e.g.*, *Luo v. Spectrum Pharms., Inc.*, 2024 WL 4443323, at *6 (D. Nev. Oct. 7, 2024) (striking securities fraud defendants' appendix including similar statement chart accompanied by column notating purported reasons for dismissal as "improper legal argument outside the court-approved page limit"); *In re Acadia Pharms. Inc. Sec. Litig.*, 2020 WL 2838686, at *3 (S.D. Cal. June 1, 2020) (striking exhibit for "presenting additional arguments against falsity … This is simply an extension of Defendants' argument and thus, Defendants' have exceeded the 25-page limit for their briefs"); *see also Moussouris v. Microsoft Corp.*, 2018 WL 3328418, at *10 (W.D. Wash. June 25, 2018), *aff'd*, 799 F. App'x 459 (9th Cir. 2019) (concluding "Plaintiffs' chart, while couched in factual assertions, contains significant argument regarding why several of Microsoft's assertions are erroneous" and "should be stricken as improper legal

9

argument outside the court-approved page limit"); *Jiangchen v. Rentech, Inc.*, 2017 WL 10363990, at *4 (C.D. Cal. Nov. 20, 2017) (striking appendix highlighting defendants' contentions of pleadings defects); *Monec Holding AG v. Motorola Mobility, Inc.*, 2014 WL 4402825, at *1 (D. Del. Sept. 5, 2014) (striking a chart containing "only facts and citations" to other exhibits contained in the record finding it "comparable to the exhibits that were found to contain legal argument and improperly exceed the page limitations"); *Think Vill.-Kiwi, LLC v. Adobe Sys., Inc.*, 2009 WL 3837270, at *7 (N.D. Cal. Nov. 16, 2009) (striking a chart "providing defense counsel's argument as to why [each disputed fact] does not amount to a material dispute"); *Davis v. Novastar Mortg., Inc.*, 408 F.Supp.2d 811, 816 (W.D. Mo. 2005) (disregarding defense counsel's declaration where it contained "characterizations of fact or opinions"); *U.S. v. Env't. Def.*, 2003 WL 22025025, at *1 (M.D.N.C. Aug. 26, 2003) (striking appendix consisting of "a twenty-three-page chart" finding it to be "an extension of the [party's] legal arguments in condensed form and must therefore comply with the page limitations" ); *Anderson v. Aurora Twp.*, 1997 WL 802099, at *2 (N.D. Ill. Dec. 29, 1997) (striking addenda "styled as charts that offer defendants' substantive and evidentiary critique of plaintiffs' facts" finding such exhibits to be "legal argument in a condensed format. As such, they are an ill-concealed attempt to evade the 15 page limitation").

### B.    Exhibits 3, 4, 7, and 22 Are Neither Incorporated by Reference nor Subject to Judicial Notice

Exhibits 3, 4, 7, and 22 are neither referenced in or attached to the Complaint nor are these documents integral to Plaintiffs' allegations. Notably absent from Defendants' presentation of these documents to the Court is any referral to the Complaint's citation of or reliance on these materials. *Compare* Bullerjahn Decl. at ¶¶4-5, 8, 23 *with* ¶¶6-7, 9-22. Because Plaintiffs' claims are obviously *not* dependent on the documents presented as Exhibits 3, 4, 7, and 22, any consideration of these materials under the incorporation by reference doctrine would be improper.

*See O'Rourke v. Hampshire Council of Gov'ts*, 121 F. Supp. 3d 264, 276-77 (D. Mass. 2015) (rejecting argument for incorporation by reference based on finding that "Plaintiff's allegations do not depend upon the [document], nor does Plaintiff reference it or its terms in the Complaint"); *see also Pizzuto*, 2024 WL 1436025, at *2 (rejecting argument for incorporation by reference of investor call transcript and accompanying presentation despite the complaint's reference to a press release and a separate presentation issued on the same day); *Shash*, 627 F. Supp. 3d at 98 (rejecting argument for incorporation by reference of "the FDA's full 343-page joint briefing book prepared for the Advisory Committee meeting" despite plaintiffs attaching a related report to the complaint "and citing it—and other portions of the larger, unattached, 343-page joint Briefing Materials").

Exhibit 7, which Defendants state is excerpts of Intellia's investor presentation at the J.P. Morgan Healthcare Conference, is also not "a public filing with the SEC susceptible to judicial notice." Def. Br. at 1 n.1 (providing no other justification for consideration); *see also* Bullerjahn Decl. at 2. Thus, this document is "not properly before the Court, nor [is it] essential to evaluating the sufficiency of the [C]omplaint." *Leung v. bluebird bio, Inc.*, 599 F. Supp. 3d 49, 58 (D. Mass. 2022) (denying consideration of "conference presentation transcripts" finding these exhibits are "neither referenced in the amended complaint nor included in any public SEC filing"); *see also Maroney v. Woodstream Corp.,* 695 F. Supp. 3d 448, 454 (S.D.N.Y. 2023) (declining to take judicial notice "as it is not clear to the Court that the No Further Action Letter is a public record and Defendant provides no other reason for the consideration of the letter"). Any other arguments Defendants could have raised have been waived. *See Tejada-Batista v. Morales*, 424 F.3d 97, 103 (1st Cir. 2005) (recognizing that "[a]n argument not seriously developed in the opening brief" is forfeited).

While Plaintiffs do not dispute that Exhibits 3, 4, and 22 include excerpts of SEC filings, such documents are irrelevant to the matters at hand because these filings were issued outside of the Class Period. The Class Period runs between January 4, 2024 and January 8, 2025, both dates inclusive. *See* Complaint ¶1. The excerpts of Intellia's FY 2022 Form 10-K (*i.e.*, Exhibit 3) were filed with the SEC on February 22, 2023; the excerpts of its Q3 2023 Form 10-Q (*i.e.*, Exhibit 4) were filed on November 9, 2023; and the excerpts of its FY 2024 Form 10-K (*i.e.*, Exhibit 22) were filed on February 27, 2025. *See* Bullerjahn Decl. at 2, 4. As such, these pre- and post-Class Period materials "are not properly before the Court at the motion to dismiss stage." *Pizzuto*, 2024 WL 1436025, at *2 (declining to take judicial notice of SEC filing finding it "irrelevant because the exhibit falls outside the Class Period"); *see, e.g.*, *Shash*, 627 F. Supp. 3d at 99 (declining to take judicial notice, finding "no basis" to consider information that fell outside the presumptive class period); *see also Ferreira v. Funko Inc.*, 2021 WL 8820650, at *11 (C.D. Cal. Oct. 22, 2021) (declining to take judicial notice of company's Form 10-K "as it was issued outside the Class Period, it was not relevant to the Court's analysis"); *Hall v. Johnson & Johnson*, 2019 WL 7207491, at *10 (D.N.J. Dec. 27, 2019) (declining to take judicial notice of public records issued after the class period finding "it arguably ha[d] minimal relevance to the claims at issue"); *In re PTC Therapeutics, Inc. Sec. Litig.*, 2017 WL 3705801, at *3 n.5 (D.N.J. Aug. 28, 2017) (same); *Belodoff v. Netlist, Inc.*, 2008 WL 2356699, at *4 (C.D. Cal. May 30, 2008) (same); *In re CV Therapeutics, Inc.*, 2004 WL 1753251, at *12 (N.D. Cal. Aug. 5, 2004) (declining to take judicial notice of "two press releases outside the class period [that] are not referenced in the complaint").

In sum, Exhibits 3, 4, 7, and 22 do not fall within any of the exceptions for consideration at this stage, and therefore, should be excised from the record.

**C.       The Court Cannot Consider Extrinsic Materials to Contradict the Complaint**

Without waiving their general objections to form and insufficiency of the request, Plaintiffs acknowledge that the Complaint refers to or otherwise relies upon some version of the documents excerpted and submitted as Exhibits 5-6 and 8-21, many of which are Intellia's Class Period SEC filings. That said, to the extent the Court is inclined to grant Defendants' request for incorporation by reference and/or judicial notice of these exhibits, or any other, consideration is limited "only for the fact that they exist and not the truth of their contents." *Shash*, 627 F. Supp. at 97-98.

As discussed above, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.,* 496 F.3d 1, 5 (1st Cir. 2007); *see also Rosen v. Textron, Inc.,* 321 F. Supp. 2d 308, 324-25 (D.R.I. 2004) ("It would be improper at the motion to dismiss phase ... to prefer the Defendants' explanation."). Accordingly, on a motion to dismiss, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint;" otherwise, "defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002-03 (9th Cir. 2018); *see, e.g.*, *Froyoworld Licensing*, 2014 WL 1347218, at *2 (noting "while the Court may take judicial notice of the timing, filing and origin of the materials that Defendant filed as exhibits and the fact that statements and facts are contained therein, it does not follow that the Court assumes the truth of such statements and facts"); *see also Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995) (refusing to take judicial notice of a company's 10–K in order to determine a fact in dispute). "This is particularly true of public documents filed with the [SEC] in a securities fraud action—since the truth of the contents of the SEC reports is typically central to the dispute." *Maiman v. Talbott*, 2010 WL 11421950, at

*7 (C.D. Cal. Aug. 9, 2010); *see also Lowthorp v. Mesa Air Grp. Inc.*, 2021 WL 3089118, at *5 (D. Ariz. July 22, 2021) (taking judicial notice of the fact "that there was an investor call" and that "the speakers made the statements included in the transcript," but "not tak[ing] judicial notice of the substance of the statements because those facts may be subject to reasonable dispute").

Defendants' Memorandum reveals that their requested consideration is not limited to the existence and contents of these documents but for the truth of such statements and facts asserted therein to challenge or supplement Plaintiffs' allegations. For example, Defendants improperly rely on Exhibits 8 and 21 to present their own version of the facts. *See* Def. Br. at 3-6. They plainly ask the Court to consider Exhibits 5 and 8 for their truth, to present a counter-narrative to Plaintiffs' motive allegations. *See id.* at 15. Likewise, they improperly rely on Exhibit 22 – Intellia's Form 10-K filed *after* the Class Period – to contradict allegations regarding Defendants' de-prioritization of the NTLA-3001 program during the Class Period. *Id*. at 13.

Consideration of these exhibits, or any others, for the purpose of resolving factual disputes against the well-pled allegations in the Complaint or to support Defendants' contradictory version of events is improper. *See, e.g.*, *Doe v. Trs. of Dartmouth Coll.*, 2018 WL 2048384, at *1 (D.N.H. May 2, 2018) (granting motion to strike exhibits submitted with a motion to dismiss based on finding that such documents, typically subject to incorporation by reference, were being used by defendants to "challenge or supplement plaintiff's allegations"); *Alharbi*, 62 F. Supp. 3d at 209 (declining to take judicial notice of the truth of any facts asserted in a legislative report); *see also Pizzuto*, 2024 WL 1436025, at *1 (granting defendants' request for incorporation by reference of certain SEC filings, company presentations, transcripts, and press releases "sufficiently referred to in the Amended Complaint for the Court's consideration at the motion to dismiss stage" noting their existence but declining to "consider those exhibits to prove the truth of any matters asserted

14

therein"); *Leung*, 599 F. Supp. 3d at 57 (same); *In re BioVie Inc. Sec. Litig.*, 2025 WL 947667, at *7 (D. Nev. Mar. 27, 2025) (granting consideration of public documents but declining to "judicially notice the truth of any statements therein to resolve factual disputes" recognizing "the risk that Defendants may cherry-pick public statements supporting their position, without referencing public materials which run counter to their arguments").

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny consideration of all Defendants' extrinsic materials in deciding their Motion to Dismiss. In the alternative, Plaintiffs respectfully request that Exhibits 3, 4, 7, and 22 be disregarded as documents that are neither incorporated by reference nor proper subjects of judicial notice and Exhibits 1 and 2 be disregarded as presenting additional factual information and argument outside the Memorandum in violation of the page limitations set by the Court. Further, to the extent the Court is inclined to consider any of the exhibits submitted by Defendants, Plaintiffs request that the Court do so only to the extent of noting their existence and contents, not for the truth of the matters asserted therein.

Dated: October 23, 2025                           Respectfully submitted,


                                                  POMERANTZ LLP

                                                  */s/ Brian P. O'Connell*
                                                  Joshua B. Silverman (*pro hac vice*)
                                                  Brian P. O'Connell (*pro hac vice*)
                                                  10 South LaSalle Street, Suite 3505
                                                  Chicago, IL 60603
                                                  Tel: (312) 881-4847
                                                  jbsilverman@pomlaw.com
                                                  boconnell@pomlaw.com

                                                      -and-


15

Emily C. Finestone (BBO # 693684)
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
efinestone@pomlaw.com
jalieberman@pomlaw.com

*Attorneys for Plaintiffs and Co-Lead Counsel
for the Class*

LEVI & KORSINSKY, LLP

Adam M. Apton (admitted *pro hac vice*)
33 Whitehall Street, 27th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

    -and-

Shannon L. Hopkins (BBO# 657485)
1111 Summer Street, Suite 403
Stamford, Connecticut 06905
Tel. (203) 992-4523
Fax: (212) 363-7500
E-mail: shopkins@zlk.com

*Attorneys for Plaintiffs and Co-Lead Counsel
for the Class*

BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Plaintiff Yiu Chung Lee*

16

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 23, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*/s/ Brian P. O'Connell*
Brian P. O'Connell (admitted *pro hac vice*)
