# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARCOS GONZALEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>INTELLIA THERAPEUTICS, INC., JOHN LEONARD, LAURA SEPP-LORENZINO, DAVID LEBWOHL, and EDWARD J. DULAC,<br><br>Defendants. | Case No. 1:25-cv-10353-DJC |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE EXHIBITS ATTACHED TO DEFENDANTS' MOTION TO DISMISS AND <u>THE RELATED DECLARATION OF CAROLINE H. BULLERJAHN</u>**

Caroline H. Bullerjahn
John A. Barker
Brendan Blake
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210

*Counsel for Defendants Intellia Therapeutics, Inc., John Leonard, Laura Sepp-Lorenzino, David Lebwohl, and Edward J. Dulac*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT..............................................................................................................................3

I.      The Motion To Strike Is Procedurally Improper And Should Be Denied.........................3

II.     Each Of The Challenged Exhibits Is Properly Before The Court.....................................4

      a.      Plaintiffs' Footnote-Based Waiver Argument Fails. ............................................4

      b.      Exhibit 1 Properly Quotes The AC's Alleged Misstatements, And Should
           Not Be Stricken.................................................................................................6

      c.      Exhibit 2 Is A Proper Compilation Of Intellia's Risk Disclosures And
           Cautionary Statements From Judicially Noticeable SEC Filings, And
           Should Not Be Stricken.......................................................................................8

      d.      Exhibits 1 And 2 Do Not Circumvent The Page Limit...........................................9

      e.      Exhibits 3, 4, And 22 Are SEC Filings Subject To Judicial Notice,
           Incorporated Into The AC, And Relevant To The Proposed Class Period,
           And Therefore Should Not Be Stricken................................................................11

      f.      Exhibit 7 Is A Matter Of Public Record Subject To Judicial Notice And
           Incorporated Into The AC, And Therefore Should Not Be Stricken.....................13

      g.      The Court May Consider The Exhibits To Weigh Competing Inferences Of
           Scienter As Part Of The *Tellabs* Balancing Inquiry. ...........................................14

III.    Plaintiffs Fail To Claim Or Show Any Prejudice...........................................................17

IV.     Even If The Court Grants The Motion To Strike, The Motion To Dismiss Should Be
      Granted........................................................................................................................17

CONCLUSION.........................................................................................................................17

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Beddall v. State St. Bank & Trust Co.*,
   137 F.3d 12 (1st Cir. 1998)...................................................................................... 12, 14

*Boca Raton Firefighters' & Police Pension Fund v. DeVry Inc.*,
   2012 WL 1030474 (N.D. Ill. Mar. 27, 2012)...................................................................7

*In re Cerence S'holder Deriv. Action*,
   2025 WL 1707230 (D. Mass. June 18, 2025)...................................................................5

*Clorox Co. Puerto Rico v. Proctor & Gamble Com. Co.*,
   228 F.3d 24 (1st Cir. 2000)...........................................................................................16

*Cottrell v. Mann*,
   2025 WL 1951964 (D. Mass. July 15, 2025)...............................................................1, 4

*In re CV Therapeutics, Inc.*,
   2004 WL 1753251 (N.D. Cal. Aug. 5, 2004) ................................................................13

*Energetiq Tech., Inc. v. ASML Netherlands B.V.*,
   113 F. Supp. 3d 461 (D. Mass. 2015)............................................................................10

*Exec. Leasing Corp. v. Banco Popular de Puerto Rico*,
   48 F.3d 66 (1st Cir. 1995)..............................................................................................10

*Ezra Charitable Tr. v. Tyco Int'l, Ltd.*,
   466 F.3d 1 (1st Cir. 2006)..............................................................................................11

*Ferreira v. Funko*,
   2021 WL 8820650 (C.D. Cal. Oct. 22, 2021)...............................................................13

*Froyoworld Licensing, LLC v. Lin*,
   2014 WL 1347218 (D. Mass. Apr. 2, 2014).....................................................................6

*F.T.C. v. Direct Mktg. Concepts, Inc.*,
   624 F.3d 1 (1st Cir. 2010) ...............................................................................................5

*Garden City Emps' Ret. Sys. v. Anixter Int'l, Inc.*,
   2011 WL 1303387 (N.D. Ill. Mar. 31, 2011).................................................................7

*In re Genzyme Corp. Sec. Litig.*,
   754 F.3d 31 (1st Cir. 2014).............................................................................................6

*Gill v. Bluebird Bio, Inc.*,
    784 F. Supp. 3d 422 (D. Mass. 2025)................................................................................5

*Grella v. Salem Five Cent Sav. Bank*,
    42 F.3d 26 (1st Cir. 1994)................................................................................................6

*Guerra v. Teradyne Inc.*,
    2004 WL 1467069 (D. Mass. Jan. 16, 2004)..............................................................2, 8, 9

*Hall v. Johnson & Johnson*,
    2019 WL 7207491 (D.N.J. Dec. 27, 2019)......................................................................13

*Hensley v. Imprivata, Inc.*,
    260 F. Supp. 3d 101 (D. Mass. 2017)...............................................................................16

*Judson v. Midland Credit Mgmt.*,
    2014 WL 4965944 (D. Mass. Oct. 1, 2014) .......................................................................4

*K & R Ltd. P'ship. v. Mass. Hous. Fin. Agency*,
    456 F. Supp. 2d 46 (D.D.C. 2006) ...................................................................................7

*Kelly v. Waters Corp.*,
    2023 WL 2404040 (D. Mass. Feb. 9, 2023) .....................................................................10

*King Cnty. v. Rasmussen*,
    299 F.3d 1077 (9th Cir. 2002) ...................................................................................10, 11

*Kuehl v. F.D.I.C.*,
    8 F.3d 905 (1st Cir. 1993).................................................................................................4

*Leavitt v. Alnylam Pharms., Inc.*,
    525 F. Supp. 3d 259 (D. Mass. 2021)...............................................................................16

*Leung v. bluebird bio, Inc.*,
    599 F. Supp. 3d 49 (D. Mass. 2022) .......................................................................2, 3, 11

*Mahoney v. Found. Med., Inc.*,
    342 F. Supp. 3d 206 (D. Mass. 2018).......................................................................*passim*

*McGrath v. Town of Sandwich*,
    169 F. Supp. 3d 251 (D. Mass. 2015).................................................................................4

*Mehta v. Ocular Therapeutix, Inc.*,
    955 F.3d 194 (1st Cir. 2020).............................................................................................15

*Metro. Prop. & Cas. Ins. Co. v. Savin Hill Fam. Chiropractic, Inc.*,
    322 F.R.D. 151 (D. Mass. 2017) .......................................................................................5

*Metzler Asset Mgmt. GmbH v. Kingsley*,
  305 F. Supp. 3d 181 (D. Mass. 2018)..................................................................16

*NECA-IBEW Pension Fund v. Neurometrix Inc.*,
  2009 WL 10670675 (D. Mass. Dec. 8, 2009).........................................................6

*Plante & Moran, PLLC v. Andover Healthcare, Inc.*,
  2018 WL 935423 (D. Mass. Feb. 16, 2018) ..........................................................17

*In re PTC Therapeutics, Inc. Sec. Litig.*,
  2017 WL 3705801 (D.N.J. Aug. 28, 2017) ...........................................................13

*Quinones v. Frequency Therapeutics, Inc.*,
  665 F. Supp. 3d 156 (D. Mass. 2023)..................................................................2, 7

*Rochlin v. Cincinnati Ins. Co.*,
  2003 WL 21852341 (S.D. Ind. July 8, 2003) .......................................................10

*Shash v. Biogen, Inc.*,
  627 F. Supp. 3d 84 (D. Mass. 2022) ....................................................................13

*Squeri v. Mount Ida Coll.*,
  954 F.3d 56 (1st Cir. 2020)................................................................................4, 14

*Starbrands Cap., LLC v. Original MW Inc.*,
  2015 WL 13691435 (D. Mass. Aug. 14, 2015) ....................................................14

*In re StockerYale Sec. Litig.*,
  453 F. Supp. 2d 345 (D.N.H. 2006) .......................................................................6

*In re Stone & Webster, Inc., Sec. Litig.*,
  253 F. Supp. 2d 102 (D. Mass. 2003)...................................................................11

*Tax-Free Fixed Income Fund for P.R. Residents, Inc. v. Ocean Cap. LLC*,
  137 F.4th 6 (1st Cir. 2025) .....................................................................................5

*Tellabs, Inc., v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) ....................................................................... 3, 14, 15, 16

*Tracey v. Mass. Inst. of Tech.*,
  2017 WL 4453541 (D. Mass. Aug. 31, 2017) ......................................................12

**Statutes and Rules**

Fed. R. Civ. P. 7(a)....................................................................................................4

Fed. R. Civ. P. 12(f) ...................................................................................... 1, 3, 4, 17

**PRELIMINARY STATEMENT**

Plaintiffs' Motion To Strike is an improper and unfounded procedural distraction.[1] It seeks to exclude exhibits that courts in this District and around the country routinely consider when ruling on motions to dismiss in securities class actions—documents that are properly before the Court and were submitted to assist the Court in navigating Plaintiffs' sprawling Amended Complaint (the "AC"). The Motion To Strike should be denied.

As an initial matter, Plaintiffs' Motion To Strike is procedurally improper. The relevant Rule, Fed. R. Civ. P. 12(f), provides that a "court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). "A memorandum of law in support of a motion to dismiss is not a pleading and as such Rule 12(f) does not apply." *Cottrell v. Mann*, 2025 WL 1951964, at \*6 n.8 (D. Mass. July 15, 2025). The Motion To Strike should be denied on this basis alone.

In any event, the 22 exhibits (the "Exhibits") to the Declaration of Caroline H. Bullerjahn in Support of Defendants' Motion To Dismiss the Amended Complaint (ECF No. 47-1) (the "Declaration"), each of which the Motion To Strike purports to challenge in whole or in part, are appropriate for consideration at the motion to dismiss stage.[2] Plaintiffs' assertions that the Court cannot consider certain of the Exhibits or that they constitute "an improper attempt to introduce [Defendants'] own set of factual allegations and competing theories" (MTS at 2-3), are misplaced. Nor have Defendants sought to "evade the page limit." *Id*. at 7. Rather, each Exhibit serves a proper, limited purpose and is of a type that courts in this District routinely consider at the motion

---

[1] *See* Plaintiffs' Motion To Strike Exhibits Attached to Defendants' Motion To Dismiss and the Related Declaration of Caroline H. Bullerjahn (ECF No. 55) (the "Motion To Strike" or "MTS").

[2] Unless otherwise defined herein, all defined terms have the same meaning as in the Memorandum of Law in Support of Defendants' Motion To Dismiss the Amended Complaint (ECF No. 47) (the "Motion To Dismiss" or "MTD").

to dismiss stage in a securities class action.

Exhibit 1 quotes each of the alleged misstatements and omissions directly from the AC, and cross-references legal arguments made in the Motion To Dismiss explaining why each is not actionable. Exhibit 2 simply compiles and directly quotes from Intellia's detailed risk disclosures and cautionary statements, all of which are contained in judicially noticeable documents already attached to the Motion To Dismiss. These Exhibits contain no additional argument and were submitted for the Court's convenience in navigating Plaintiffs' 82-page, 255-paragraph AC (including over 60 paragraphs of single-spaced block quotes), which challenges virtually every statement made by Defendants about the NTLA-3001 program during the Class Period. Indeed, parties in securities class actions routinely file similar exhibits, and courts in this District have found them to be "helpful" in resolving motions to dismiss. *See, e.g.*, *Mahoney v. Found. Med., Inc.*, 342 F. Supp. 3d 206, 212 (D. Mass. 2018); *Guerra v. Teradyne Inc.*, 2004 WL 1467069, at *2 (D. Mass. Jan. 16, 2004); *see also Quinones v. Frequency Therapeutics, Inc.*, 665 F. Supp. 3d 156, 164 (D. Mass. 2023) (citing defendants' "Appendix of Challenged Statements"), *aff'd*, 106 F.4th 177 (1st Cir. 2024).

Exhibit 3 (Intellia's 2022 Form 10-K), Exhibit 4 (Q3 2023 Form 10-Q), and Exhibit 22 (2024 Form 10-K) are each judicially noticeable SEC filings. *See Leung v. bluebird bio, Inc.*, 599 F. Supp. 3d 49, 57-58 (D. Mass. 2022) (court may review and rely upon "exhibits contain[ing] excerpts from SEC filings"). Moreover, while Exhibits 3, 4, and 22 may not be expressly referenced in the AC, they are nonetheless incorporated by reference. Exhibits 3 and 4 contain risk-factor disclosures expressly incorporated by reference in other documents that were both referenced in the AC and issued during the Class Period, and Exhibit 22 is the source of the allegations in paragraphs 76 through 78 of the AC regarding Intellia's 2024 expenses.

Similarly, Exhibit 7 contains an excerpt from Intellia's investor presentation at the J.P. Morgan Healthcare Conference in January 2024, during which Plaintiffs claim Defendants made false and misleading statements. Defendants attached Exhibit 7 only because it is expressly referenced by the corresponding Exhibit 6 (the transcript from this presentation), which Plaintiffs do not dispute is incorporated by reference in the AC. Further, the Court can take judicial notice of a publicly available investor presentation, which is presented *only* to show that Intellia provided a forward-looking statement disclaimer in connection with the challenged statements in Exhibit 6. *See Leung*, 599 F. Supp. 3d at 57-58.

For the remainder of the challenged documents, Plaintiffs concede that "the Complaint refers to or otherwise relies upon some version of . . . Exhibits 5-6 and 8-21." MTS at 13. Plaintiffs instead more broadly challenge the Exhibits to the extent the Motion To Dismiss relies on them "for the truth of such statements and facts asserted therein to challenge or supplement Plaintiffs' allegations." *Id.* at 14. But the Motion To Dismiss does no such thing. Rather, Defendants rely on the Exhibits to (1) show the existence and contents of the documents (many of which are selectively quoted or relied upon in the AC); and (2) allow the Court to weigh competing scienter inferences based on the full record before it, as required by the Supreme Court's decision in *Tellabs, Inc., v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007). In either case, their narrow use is proper.

Last, the Motion To Strike fails for the additional reason that Plaintiffs identify no actual or potential prejudice that would result from the Court's consideration of the Exhibits.

## ARGUMENT

## I.      The Motion To Strike Is Procedurally Improper And Should Be Denied.

"A motion to strike is brought pursuant to Rule 12(f) which permits a court to 'strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent or scandalous matter.'"

*McGrath v. Town of Sandwich*, 169 F. Supp. 3d 251, 260 (D. Mass. 2015) (emphasis added) (quoting Fed. R. Civ. P. 12(f)). But the term "pleading" is "strictly defined" by Fed. R. Civ. P. 7(a) and "does not encompass motions, memoranda or exhibits to memoranda." *Id.* Accordingly, "[c]ourt[s] do[] not . . . have the authority to strike information from a party's memorandum of law." *Id.* (denying motion to strike report attached to memorandum of law).

In *Cottrell v. Mann*, the plaintiffs sought to strike portions of a memorandum in support of a motion to dismiss and exhibits attached thereto. *Cottrell*, 2025 WL 1951964, at *6 n.8. The court denied the motion because a "memorandum of law in support of a motion to dismiss is not a pleading and as such Rule 12(f) does not apply." *Id.* Indeed, "[t]he First Circuit has repeatedly held that memoranda and motions are not considered pleadings within the meaning of the Rules of Federal Civil Procedure" and "therefore it has refused to strike motions under Fed. R. Civ. P. 12(f)." *Judson v. Midland Credit Mgmt.*, 2014 WL 4965944, at *3 (D. Mass. Oct. 1, 2014); *see also, e.g.*, *Kuehl v. F.D.I.C.*, 8 F.3d 905, 907 n.4 (1st Cir. 1993) ("It is well established in this circuit that motions to dismiss are not responsive pleadings.")

Accordingly, the Motion To Strike is improper and should be denied on that basis alone.

## II.     Each Of The Challenged Exhibits Is Properly Before The Court.

Even if the Motion To Strike were procedurally proper, the Court should still deny it because all of the Exhibits are appropriate for consideration here. *See Squeri v. Mount Ida Coll.*, 954 F.3d 56, 61 (1st Cir. 2020). "On a motion to dismiss, [the Court] may also consider documents incorporated by reference in the complaint, matters of public record, and other matters susceptible to judicial notice." *Id.* (internal quotation marks and alterations omitted).

### a.   Plaintiffs' Footnote-Based Waiver Argument Fails.

As an initial matter, Plaintiffs argue that the Court should disregard all of the Exhibits merely because Defendants reference the grounds for their consideration in a footnote to the

4

Motion To Dismiss. *See* MTS at 1-2.[3] That is not the law or practice in this District, and the authorities Plaintiffs cited do not support Plaintiffs' argument. In *Tax-Free Fixed Income Fund for P.R. Residents, Inc. v. Ocean Capital LLC*, the First Circuit found that *plaintiffs* waived claims for "various Section 14(a) violations" asserted in their complaint when they merely "list[ed]" them in a single footnote in their brief rather than advancing any legal argument as to why the claims were viable. 137 F.4th 6, 24 (1st Cir. 2025). And in *F.T.C. v. Direct Marketing Concepts, Inc.*, the First Circuit found defendants' arguments in a footnote were waived where the court could "make neither heads nor tails of [defendants'] citations, which ha[d] no clear relevance and [were] completely devoid of context or developed argument." 624 F.3d 1, 8 (1st Cir. 2010). Here, Defendants are not making novel or undeveloped arguments for consideration of the Exhibits, but merely citing to a well-established and familiar standard applied regularly in this District to support consideration of documents at the motion-to-dismiss stage. MTD at 1 n.1; *see also In re Cerence S'holder Deriv. Action*, 2025 WL 1707230, at *2 n.2 (D. Mass. June 18, 2025) (taking judicial notice of "public SEC filings, earnings call transcripts, and press releases"); *Gill v. Bluebird Bio, Inc.*, 784 F. Supp. 3d 422, 427 (D. Mass. 2025) (considering "transcripts of the presentations and earnings calls in which the allegedly false or misleading statements were made and certain documents referred to in the amended complaint"). Neither Plaintiffs' reasoning nor the cases cited in the Motion To Strike warrant a departure from this practice of considering such documents,

---

[3] Plaintiffs also fault Defendants for providing only excerpts of the Exhibits. *See* MTS at 3. But Plaintiffs' reliance on *Metropolitan Property & Casualty Insurance Co. v. Savin Hill Family Chiropractic, Inc.*, for this argument is misplaced. There, the court found that the at-issue documents—excerpts of witness testimony and an expert report—should not be considered because the court found "it would not even be possible to determine whether or not the exhibits, as a whole, support the Plaintiffs' characterization of the underlying testimony." 322 F.R.D. 151, 155 (D. Mass. 2017). Here, there is no such issue. Defendants excerpted the Exhibits for the Court's convenience given their substantial length, and Plaintiffs do not actually argue that the excerpts are misleading or incomplete in anyway. Of course, if the Court would like to review full copies of the Exhibits, Defendants would be happy to provide them.

much less a finding that Defendants somehow waived the ability to rely on documents that are incorporated by reference in the AC and subject to judicial notice.[4]

### b. Exhibit 1 Properly Quotes The AC's Alleged Misstatements, And Should Not Be Stricken.

Plaintiffs move to strike Exhibit 1 on the basis that it was submitted to "present[] additional factual analyses and legal defenses outside the [Motion To Dismiss]." MTS at 7. This is wrong. Exhibit 1—titled "Alleged Misstatements and Omissions Chart"—contains direct quotations from, and citations to, the alleged misrepresentations and omissions in the AC. It also cross-references each challenged statement to the relevant legal arguments in the Motion To Dismiss explaining why each category of alleged misrepresentation and omission is not actionable. Exhibit 1 was submitted solely to assist the Court in navigating the numerous alleged misrepresentations and omissions in the 82-page, 255-paragraph AC.

Courts in this Circuit have recognized that securities class action complaints of the length and density of the AC can be "difficult to parse." *See, e.g.*, *NECA-IBEW Pension Fund v. Neurometrix Inc.*, 2009 WL 10670675, at *2 (D. Mass. Dec. 8, 2009) (criticizing "long, block-quotation passages containing hundreds or thousands of words, single-spaced" and disorganized "laundry list[s]" of reasons statements are misleading, which make it "difficult to determine what, exactly, is alleged to be misleading, and why"), *aff'd sub nom. Hill v. Gozani*, 638 F.3d 40 (1st Cir. 2011); *In re Genzyme Corp. Sec. Litig.*, 754 F.3d 31, 40-41 (1st Cir. 2014) ("The 140 page complaint, though seemingly an attempt at artful pleading, is an ill organized and convoluted

---

[4] Plaintiffs' remaining cases are no more helpful to their cause. In *Grella v. Salem Five Cent Savings Bank*, the First Circuit held that an argument based on a "one-sentence statement, unsupported by any argument or case law" in a footnote to a reply brief had been waived. 42 F.3d 26, 36 (1st Cir. 1994). And *In re StockerYale Securities Litigation*, 453 F. Supp. 2d 345, 348 (D.N.H. 2006), and *Froyoworld Licensing, LLC v. Lin*, 2014 WL 1347218, at *2 (D. Mass. Apr. 2, 2014), did not concern arguments raised in footnotes at all but instead found that webpages, blog posts, and news articles were, for various reasons, not subject to judicial notice.

collection of 364 paragraphs. . . . Not without considerable difficulty, we have endeavored to organize the allegations of fraud . . . ."). Parties in securities class actions in this District and elsewhere routinely submit exhibits like Exhibit 1 to aid the Court in navigating voluminous complaints that challenge dozens of statements. Such charts help clarify the relationship between the complaint's allegations and the defendants' arguments without adding new facts or legal theories. In this context, a simple chart summarizing the allegations and cross-referencing the relevant arguments is a legitimate and helpful aid to the Court.

Exhibit 1 "does not purport to introduce any facts or evidence extrinsic to the complaint." *Garden City Emps' Ret. Sys. v. Anixter Int'l, Inc.*, 2011 WL 1303387, at *9 (N.D. Ill. Mar. 31, 2011) (declining to strike 22-page chart attached to a motion to dismiss entitled "Reasons Why Alleged Misrepresentations in Amended Complaint Are Not Actionable"). Nor does it advance any legal argument beyond what is already in Defendants' Motion To Dismiss. Rather, "the chart merely reproduces portions of Plaintiff's' complaint and references portions of Defendants' memorandum in support of their motion to dismiss." *Id.* Courts in this District and elsewhere have not found such exhibits to be "argumentative" in nature. *See Mahoney*, 342 F. Supp. 3d at 212. Instead, they have deemed charts "cataloguing the misstatements and omissions alleged in the Amended Complaint and explaining why they are not actionable under Rule 10b-5" to be "helpful." *Id.*; *see also Quinones*, 665 F. Supp. 3d at 164 (citing to defendants' "Appendix of Challenged Statements").[5]

---

[5] *See also Boca Raton Firefighters' & Police Pension Fund v. DeVry Inc.*, 2012 WL 1030474, at *4 n.8 (N.D. Ill. Mar. 27, 2012) (denying motion to strike chart attached to a motion to dismiss where the chart did not "offer anything substantive beyond the argument already raised in the defendants' memorandum"); *K & R Ltd. P'ship. v. Mass. Hous. Fin. Agency*, 456 F. Supp. 2d 46, 52-53 (D.D.C. 2006) (denying motion to strike chart that "is simply the same argument from the reply presented in a different manner," constituting "organizational work that the Court would otherwise have to take upon itself, [not] an attempt by [the defendant] to evade any of this Court's rules" regarding page limits).

Plaintiffs' Motion To Strike as to Exhibit 1 should therefore be denied.

    **c.  Exhibit 2 Is A Proper Compilation Of Intellia's Risk Disclosures And Cautionary Statements From Judicially Noticeable SEC Filings, And Should Not Be Stricken.**

The Motion To Strike also challenges Exhibit 2, which compiles excerpts of Intellia's relevant risk disclosures and cautionary statements, "all of which appeared in [Intellia's] SEC Filings or documents incorporated by reference in the AC." *See* Ex. 2 at 1. The excerpts in Exhibit 2 are drawn directly from judicially noticeable Intellia SEC filings or other public documents incorporated into the AC, all of which are also exhibits to the Motion To Dismiss. *See* Exs. 3-22; *see also* MTS at 13 (acknowledging that "many of [the challenged Exhibits] are Intellia's Class Period SEC filings"). In short, Exhibit 2 is a compilation exhibit for the Court's convenience that simply collects quotations from other Exhibits properly before the Court.

Such compilation exhibits are entirely proper and, indeed, have been found by courts to be "helpful" in analyzing securities class action complaints. *See, e.g.*, *Mahoney*, 342 F. Supp. 3d at 212 (finding chart that "summariz[ed] risk disclosures and cautionary statements made by [defendant] in its various SEC filings" to be "helpful," and denying motion to strike). In *Guerra v. Teradyne Inc.*, for example, the plaintiffs sought to strike a similar "Summary of Cautionary Disclosures" exhibit. 2004 WL 1467069, at *2. As here, the challenged exhibit "contain[ed] excerpts from annual and quarterly reports filed with the SEC," and "clearly identifie[d] the report, and page, from which each quote [was] taken," and "[t]he complete reports ha[d] been included as [e]xhibits . . . to which plaintiffs ha[d] not raised any objection." *Id.* The court observed that "the summary will aid the court in reviewing the unobjectionable filings with the SEC," and therefore

denied the motion to strike. *Id.*[6]

Plaintiffs also contend that Exhibit 2 improperly "categorizes" risk disclosures with headings and "added emphasis" to certain language, thereby injecting argument into the record. *See* MTS at 9. That contention is misplaced. The headings in Exhibit 2 are generic organizational labels (*e.g.*, "Disclosures of Risks Related to Clinical Development" and "Disclosure of Risks Related to Future Financial Condition") designed only to group excerpts by subject matter so the Court can efficiently locate relevant disclosures within the lengthy SEC filings. Likewise, selectively bolding or italicizing words within the quoted text does not transform factual excerpts into argument—courts routinely accept similar formatting in compilation exhibits as a legitimate aid to readability. Exhibit 2 contains no legal analysis or citation beyond the source material, and does nothing more than present, in an accessible format, materials that are already properly before the Court. Moreover, organizing publicly available cautionary statements by topic to assist the Court's review is consistent with, not contrary to, this District's regular practice of considering such documents at the motion-to-dismiss stage.

Plaintiffs' Motion To Strike as to Exhibit 2 should therefore be denied.

### d.   Exhibits 1 And 2 Do Not Circumvent The Page Limit.

Plaintiffs also argue that Defendants' use of Exhibits 1 and 2 constitute an attempt to "contravene the already expanded page limitations and present additional factual analyses and legal defenses outside the four corners of their Memorandum." MTS at 3. As discussed above, however, Exhibit 1 merely reproduces the full text of the statements at issue in the AC and cross-references the legal arguments made in Defendants' brief explaining why the alleged

---

[6] The Motion To Strike cites to out-of-circuit decisions in which courts have struck various charts attached by both plaintiffs and defendants, while ignoring the decisions from this Circuit and this District, such as *Mahoney* and *Guerra*, permitting charts like those at issue here.

misstatements and omissions are inactionable, and Exhibit 2 contains no analysis whatsoever. *See supra* pp. 6-9.

With respect to Exhibit 1, given the length of the AC, Defendants' Motion To Dismiss addresses the AC's alleged misstatements by category. But within each category, the Motion To Dismiss cites *every* paragraph from the AC to which the argument applies—capturing the complete set of challenged statements and explaining why each statement is inactionable within the four corners of the brief. *See* MTD at 18-20 & nn.11-13 (no false or misleading statements); *id.* at 20-22 & n.15 (forward-looking statements); *id.* at 22-24 & n.18 (inactionable opinion statements); *id.* at 24-25 & n.20 (non-actionable puffery). And as discussed above, Exhibit 2 merely reproduces text from other Exhibits. Exhibits 1 and 2 were submitted by Defendants for the Court's convenience and assistance in analyzing the AC, the Motion To Dismiss, and accompanying exhibits, and not to exceed the page limit; Defendants' Motion To Dismiss brief stands on its own.

By contrast, the cases cited by Plaintiffs are inapposite. In *Executive Leasing Corp. v. Banco Popular de Puerto Rico*, the First Circuit held that a party could not circumvent page limits "by incorporating by reference a brief *filed in another forum*." 48 F.3d 66, 67 (1st Cir. 1995) (emphasis added). *Energetiq Technology, Inc. v. ASML Netherlands B.V.* involved an attempt to circumvent page limits by "purporting to incorporate arguments from its previous" motion to dismiss that had been denied as moot. 113 F. Supp. 3d 461, 468 (D. Mass. 2015). Similarly, *Kelly v. Waters Corp.*, involved an attempt to incorporate by reference, in a summary judgment brief, arguments made in a prior motion to dismiss brief. 2023 WL 2404040, at *3 (D. Mass. Feb. 9, 2023). In *Rochlin v. Cincinnati Insurance Co.*, the court struck the exhibits in question because they contained "additional argument" not found in the briefing. 2003 WL 21852341, at *8 (S.D. Ind. July 8, 2003). And in *King County v. Rasmussen*, the court struck a declaration that advanced

new legal arguments absent from the brief. 299 F.3d 1077, 1082 (9th Cir. 2002).

None of those circumstances is present here. Exhibits 1 and 2 contain no new legal arguments, do not incorporate by reference any previous filing, and merely provide organizational tools to assist the Court in reviewing the already-submitted materials. Far from circumventing the page limit, these exhibits *reduce* the need for additional briefing by presenting, in a concise and accessible format, information already properly before the Court.

For these reasons too, Plaintiffs' Motion To Strike as to Exhibits 1 and 2 should be denied.

### e. Exhibits 3, 4, And 22 Are SEC Filings Subject To Judicial Notice, Incorporated Into The AC, And Relevant To The Proposed Class Period, And Therefore Should Not Be Stricken.

Plaintiffs single out three specific SEC filings for exclusion from the Court's consideration—Exhibit 3 (2022 Form 10-K), Exhibit 4 (Q3 2023 Form 10-Q), and Exhibit 22 (2024 Form 10-K)—because they are not directly cited in the AC and were filed outside of the Class Period. MTS at 12. That argument fails. Courts in this District and across the country regularly consider SEC filings as matters of public record at the motion to dismiss stage in securities class actions. *See, e.g.*, *Leung*, 599 F. Supp. 3d at 57-58 (considering SEC filings that were "not referenced in the amended complaint" as "proper for consideration at the motion to dismiss stage"); *see also Ezra Charitable Tr. v. Tyco Int'l, Ltd.*, 466 F.3d 1, 9 n.7 (1st Cir. 2006) (taking judicial notice of facts in an SEC complaint to evaluate a motion to dismiss for lack of scienter under the PSLRA); *Mahoney*, 342 F. Supp. 3d at 216 n.4 (same); *In re Stone & Webster, Inc., Sec. Litig.*, 253 F. Supp. 2d 102, 128 n.11 (D. Mass. 2003) (explaining that a district court may "consider documents required to be filed, and actually filed, with the SEC on a motion to dismiss"). The Court need not go any further to consider Exhibits 3, 4, and 22.

In addition, Exhibit 3 and Exhibit 4 can also be considered at this stage because they are integral to the AC and provide appropriate context (and caution) for statements at issue in the AC.

11

Although those documents were filed before the start of the Class Period, both are incorporated by reference in Class-Period filings at issue in the AC. For example, Exhibit 5—a January 2024 press release on which the AC relies at paragraphs 5, 79, and 113-16—refers investors to "Intellia's most recent quarterly report on Form 10-Q[] as well as . . . other filings with the [SEC]." *See* Ex. 5 at 4. The risk-factor disclosures contained in Exhibits 3 and 4—the reason for their inclusion here— thus are incorporated by reference into documents that the AC itself relies on. This is precisely the circumstance in which courts treat earlier SEC filings as properly considered on a motion to dismiss.

Exhibit 22, meanwhile, is also incorporated by reference because it is the source for allegations in the AC itself. The AC asserts that a decline in Intellia's external R&D spending on NTLA-3001—from $17.3 million in 2023 to $8.7 million in 2024—corroborates the theory that Intellia "was no longer focused on the clinical development of the AATD program and had already begun to quietly wind down NTLA-3001 from the beginning of 2024." AC ¶¶ 76-78. The cited R&D investment figures are presumably taken directly from the Company's 2024 Form 10-K filed with the SEC—*i.e.*, Exhibit 22. Plaintiffs cannot avoid the Court's consideration of a document simply by failing to append the document or directly cite to it in the AC. *See Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998) (plaintiff cannot "thwart the consideration of a critical document merely by omitting it from the complaint"). Rather, such a document "whose authenticity is not challenged by the parties merges into the pleadings and can be considered by the court under a motion to dismiss." *Tracey v. Mass. Inst. of Tech.*, 2017 WL 4453541, at *3-5 (D. Mass. Aug. 31, 2017) (internal quotation marks omitted), *report and recommendation adopted in relevant part*, 2017 WL 4478239 (D. Mass. Oct. 4, 2017).

Last, Plaintiffs argue that Exhibits 3, 4, and 22 "are irrelevant to the matters at hand"

because they were "issued outside of the Class Period." MTS at 12. That contention is both factually and legally incorrect. As discussed above, Exhibits 3 and 4 were incorporated into Exhibits from the Class Period that the AC indisputably relies on. And Exhibit 22 is the Form 10-K filed with the SEC for the fiscal year ending December 31, 2024—and thus, the information contained within it clearly falls within the Class Period, which runs from January 4, 2024 through January 8, 2025. The timing of the filing does not change the relevance of the information it contains.[7]

The Motion To Strike should therefore be denied as to Exhibits 3, 4, and 22.

### f.  Exhibit 7 Is A Matter Of Public Record Subject To Judicial Notice And Incorporated Into The AC, And Therefore Should Not Be Stricken.

Plaintiffs also move to strike Exhibit 7, which contains an excerpt from Intellia's investor presentation at the J.P. Morgan Healthcare Conference held on January 9, 2024. *See* MTS at 11. Defendants submitted Exhibit 7 for a single, narrow purpose: it includes the forward-looking statement disclaimer that was expressly referenced during the presentation transcript (Exhibit 6), which Plaintiffs allege contains misleading statements. *See* Ex. 6 at 1 (referring at the outset of presentation to "the disclaimer" on the slide regarding "forward-looking statements"). That

---

[7] Plaintiffs point to the decision in *Shash v. Biogen, Inc.* for the proposition that SEC filings made outside the Class Period are irrelevant but ignore that the court there (i) declined to strike any of defendants' exhibits (comprised of FDA briefing materials) and (ii) instead refused to grant plaintiff's request to consider a press release because it included "new information" that "[fell] outside the presumptive class period" and were not relevant to the issues at hand. 627 F. Supp. 3d 84, 98-99 (D. Mass. 2022). Plaintiffs also cite multiple cases from other circuits, which are all distinguishable or do not lend support to Plaintiffs' position. *See, e.g.*, *Ferreira v. Funko*, 2021 WL 8820650, at *4, 11 (C.D. Cal. Oct. 22, 2021) (declining to consider FY 2018 Form 10-K when class period covered August 2019-March 2020); *Hall v. Johnson & Johnson*, 2019 WL 7207491, at *10 (D.N.J. Dec. 27, 2019) (statement by FDA made three months after close of class period not considered at motion to dismiss because "minimal relevance"); *In re PTC Therapeutics, Inc. Sec. Litig.*, 2017 WL 3705801, at *3 n.5 (D.N.J. Aug. 28, 2017) (SEC filings describing events that "occurred nearly a year after the allegedly false and misleading statements" had "low" relevance); *In re CV Therapeutics, Inc.*, 2004 WL 1753251, at *12 (N.D. Cal. Aug. 5, 2004) (court considered SEC filings, FDA statements, and press releases defendants sought notice of except two press releases issued outside the class period).

disclaimer qualifies the very statements Plaintiffs challenge and is, therefore, directly relevant to the application of the PSLRA's safe harbor to statements in the AC.

Courts in this Circuit and District have long held that "documents incorporated by reference in the complaint" and "matters of public record" may be considered at the motion-to-dismiss stage. *Squeri*, 954 F.3d at 61. Exhibit 7 is publicly available on Intellia's website and its authenticity is undisputed. Courts routinely take judicial notice of such materials "for the fact that [the] information was public and in the public realm." *Starbrands Cap., LLC v. Original MW Inc.*, 2015 WL 13691435, at *4 (D. Mass. Aug. 14, 2015), *report and recommendation adopted*, 2015 WL 5305215 (D. Mass. Sept. 11, 2015).

Moreover, Exhibit 7 is part and parcel of Exhibit 6, the transcript of the same presentation (which references the slide), which Plaintiffs concede is incorporated by reference in the AC. *See* MTS at 13; *see also Beddall*, 137 F.3d at 17 (a court's inquiry "should not be hamstrung simply because the plaintiff fails to append to the complaint the very document upon which . . . the allegations rest"). Because Exhibit 7 is publicly available, directly referenced by a document incorporated into the AC, and offered only to show the existence of the forward-looking statement disclaimer, it is properly before the Court.

The Motion To Strike should therefore be denied as to Exhibit 7.

### g. The Court May Consider The Exhibits To Weigh Competing Inferences Of Scienter As Part Of The *Tellabs* Balancing Inquiry.

Plaintiffs also seek to strike the Exhibits to the extent the Motion To Dismiss purportedly relies on them "for the truth of such statements and facts asserted therein to challenge or supplement Plaintiffs' allegations." MTS at 14. Specifically, Plaintiffs claim that Defendants improperly rely on Exhibits 5, 8, 21, and 22 to "present their own version of the facts" and "a counter-narrative to Plaintiffs' motive allegations" and "to contradict allegations regarding

14

Defendants' de-prioritization of the NTLA-3001 program." *Id.* That arguments misstates the law.

As the Supreme Court made clear in *Tellabs*, courts evaluating scienter under the PSLRA must do more than accept plaintiffs' allegations at face value. 551 U.S. at 316. The inquiry is inherently comparative. Under *Tellabs*, courts must assess scienter by considering the allegations in their "entirety" alongside "other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id.* at 322. From this total picture, courts must consider "[h]ow likely [it is] that one conclusion, as compared to others, follows from the underlying facts," based on "not only inferences urged by the plaintiff[s], . . . but also competing inferences rationally drawn from the facts alleged." *Id.* at 314, 323; *see also Mehta v. Ocular Therapeutix, Inc.*, 955 F.3d 194, 207, 210 (1st Cir. 2020) (determining "more reasonable inference" based on consideration of FDA documents and company disclosures). In other words, *Tellabs* authorizes courts to look beyond the four corners of the complaint and consider incorporated or judicially noticeable materials—such as Exhibits 5, 8, 21, and 22—to evaluate the plausibility of competing inferences of scienter drawn from all the facts properly before the Court.[8]

*Exhibits 5 and 8.* The Motion To Dismiss cites Exhibit 5 (Form 8-K with Intellia's January 4, 2024 press release) and Exhibit 8 (Intellia's FY 2023 Form 10-K) for limited, undisputed facts regarding Intellia's cash position and runway at the start of the Class Period. MTD at 15. These facts are judicially noticeable and drawn from SEC filings upon which the AC itself relies. *See* AC ¶¶ 114-115 (Exhibit 5); *id.* ¶¶ 122-124 (Exhibit 8). They also directly undermine the inference urged by Plaintiffs that Defendants were motivated to mislead investors to raise capital. *See, e.g.*,

---

[8] The Motion To Dismiss quotes from Exhibit 21—which is the January 9, 2025 press release announcing Intellia's strategic reorganization and decision to discontinue development of NTLA-3001—solely in the background section to provide further context for the Court and does not rely on any of the facts drawn from Exhibit 21 for its arguments in favor of dismissal. *See* MTD at 5-6.

15

*Metzler Asset Mgmt. GmbH v. Kingsley*, 305 F. Supp. 3d 181, 215 (D. Mass. 2018) (finding inference of scienter undercut by statements in call transcript submitted by defendants); *Hensley v. Imprivata, Inc.*, 260 F. Supp. 3d 101, 121 (D. Mass. 2017) (risk disclosures attached to motion to dismiss undermined inference of scienter).

**Exhibit 22.** Similarly, the Court may consider Exhibit 22 (Intellia FY 2024 Form 10-K) in evaluating the AC's allegation that a sequential decline in external research and development spending on NTLA-3001 signaled that the Company had abandoned development of the drug candidate in 2024. *See* AC ¶¶ 76-78. As the Motion To Dismiss pointed out, Exhibit 22—on which those allegations are based—explains that the "$8.6 million decrease in external costs related to NTLA-3001" was primarily due to the completion of "initial manufacturing activities" in 2023, "offset in part by an increase in spend on contracted services." MTD at 13. Courts in this District have regularly taken notice of such public filings when evaluating whether plaintiffs' scienter theories are consistent with objective facts. *See Leavitt v. Alnylam Pharms., Inc.*, 525 F. Supp. 3d 259, 266 n.1 (D. Mass. 2021) (judicially noticed FDA documents undermined scienter because they "contradict[ed] plaintiff's contention that [program] failed to evaluate efficacy"); *see also Clorox Co. Puerto Rico v. Proctor & Gamble Com. Co.*, 228 F.3d 24, 32 (1st Cir. 2000) ("It is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations."). It is entirely proper, under *Tellabs*, for the Court to consider the facts drawn from documents subject to judicial notice and/or incorporated by reference in the AC in evaluating whether Plaintiffs have pled facts supporting a strong inference of scienter.

The Motion To Strike should therefore be denied to the extent it seeks to preclude the Court from considering facts contained in the Exhibits, all of which are properly before the Court because

they are incorporated by reference in the AC and/or subject to judicial notice.

### III.    Plaintiffs Fail To Claim Or Show Any Prejudice.

"Motions to strike are generally disfavored, and even when technically appropriate and well-founded, Rule 12(f) motions are not granted in the absence of a showing of prejudice to the moving party." *Plante & Moran, PLLC v. Andover Healthcare, Inc.*, 2018 WL 935423, at *2 (D. Mass. Feb. 16, 2018) (internal quotation marks omitted). In the Motion To Strike, Plaintiffs have not even claimed, let alone demonstrated, any prejudice resulting from this Court's consideration of the Exhibits. The Motion To Strike thus can be denied in its entirety on this independent basis.

### IV.    Even If The Court Grants The Motion To Strike, The Motion To Dismiss Should Be Granted.

Even if the Court disregards the challenged Exhibits, dismissal would still be warranted. The Exhibits were cited only to provide additional context for the Court's convenience. The Motion To Dismiss independently demonstrates that Plaintiffs have not stated a viable claim. The outcome of the Motion To Dismiss does not turn on the Court's consideration of any challenged Exhibit—the legal deficiencies in the AC are dispositive.

### <u>CONCLUSION</u>

For the reasons stated herein, the Court should deny Plaintiffs' Motion To Strike.

Dated:  November 24, 2025

Respectfully submitted,

INTELLIA THERAPEUTICS, INC., JOHN LEONARD, LAURA SEPP-LORENZINO, DAVID LEBWOHL, and EDWARD J. DULAC

By their attorneys,

/s/ *Caroline H. Bullerjahn*
Caroline H. Bullerjahn (BBO No. 657241)
John A. Barker (BBO No. 708032)
Brendan Blake (BBO No. 710755)
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
Tel.: 617-570-1000
Fax: 617-523-1231
cbullerjahn@goodwinlaw.com
jbarker@goodwinlaw.com
bblake@goodwinlaw.com

*Counsel for Defendants*

18

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on November 24, 2025.

/s/ *Caroline H. Bullerjahn*